JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>DNF Associates, LLC,<br><br>Defendant. | CASE NO._1:19-CV-316<br><br>CLASS ACTION COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS A THROUGH B, and VERIFICATION<br><br>JURY TRIAL REQUESTED |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Defendant DNF Associates, LLC is regularly engaged in the business of buying consumer debts in default from banks and others at a steep discount and then proceeding to collect that debt.

2. Given the large number of accounts that DNF Associates buys each year, it has established certain policies and practices to systemize its collection practices.

[ 1 ]

3. DNF Associates collects its accounts by filing collection lawsuits in Hawaii State Courts.

4. DNF Associates is not licensed as a debt collector in the State of Hawaii and has an unfair advantage over Hawaii's consumers and licensed business owners.

5. DNF Associates uses the same means of collecting debts described above as part of a regular and systemic approach to collect many accounts claimed to have been acquired by DNF Associates and alleged to be owed by dozens or more of Hawaii's citizens. For this reason, Plaintiff is pursuing this case individually and on behalf of others who have also been pursued by DNF Associates by the same means or misrepresentation by defining an FDCPA and a Hawaiian Class.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt. This is also an action for damages against the Defendant for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections 443B-18, 19, and 20 of the Hawaii Revised Statutes.

8.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

9.      Plaintiff Ronald Viernes (hereinafter "Plaintiff" and/or "Mr. Viernes") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B-1.

10.     The FDCPA Class consists of (i) Hawaii residents; (ii) who have received collection lawsuits, collection letters, or collection calls from DNF Associates; (iii) to collect a "debt" as defined by the FDCPA; (iv) that DNF Associates bought while in default.

11.     The Hawaiian Class consists of (i) Hawaii "consumers" as defined by H.R.S. §480-1; (ii) who was subject to a collection lawsuits by DNF Associates; (iii) to collect a "debt" as defined by the H.R.S. §443B-1; (iv) that DNF Associates was assigned.

12.     Defendant DNF Associates, LLC (hereinafter "Defendant DNF Associates") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New York, and maintains Cogency Global, Inc., 10 East 40th Street, 10th Floor, New York, New York, 10016, as its registered agent for service of

process.

13. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

14. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and this debt is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). More specifically, this debt is a credit line originally owed to or serviced by Kay Jewelers.

15. The primary purpose of Defendant's business is the collection of debts.

16. Defendant DNF Associates is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by credit reporting and collection lawsuits.

17. Defendant DNF Associates is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another, and attempts to collect them from consumers by making telephone calls and sending collection letters.

18. Defendant cannot legally conduct any collection business, including the collection of debts, in the State of Hawaii without first acquiring a collection license.

19. Defendant is not licensed as a debt collector in the State of Hawaii. (Exhibit A).

20. Upon information and belief Defendant is not an exempt out-of-state collection agency, but even if it were pursuant to H.R.S. § 443B(3.5)(f)(5) "[a] designated exempt out-of-state collection agency shall not: Bring or maintain any action involving the collection of debts of its clients in any court of the State."

## CLASS ALLEGATIONS

21. DNF Associates buys a large number of consumer accounts each year. To handle the volume of accounts it buys, DNF established regular policies and procedures concerning the filing of lawsuits against persons who allegedly owe the accounts. As a result of these regular policies and procedures, DNF Associates routinely violates state and/or federal laws.

22. DNF Associates regularly files collection lawsuits against Hawaii consumers without being legally able to conduct any collection business, including the collection of debts, in the State of Hawaii without first acquiring a collection license.

23. Plaintiff contends that DNF Associates' practices and procedures

violate both the FDCPA and Hawaii law because the means used by DNF Associates, as described above, are false, misleading, unfair, and deceptive or confusing to the least sophisticated consumer.

24. The claims that are sought to be pursued on a class basis are claims under the FDCPA and Hawaii law.

25. Since DNF Associates maintains records of its communications to consumer reporting agencies and to consumers, the persons in Hawaii who have been the subject of these communications can be easily ascertained.

26. Given the volume of DNF Associates debt buying activity, the number of persons who have been the subject of DNF Associates's communications to consumer reporting agencies or have been sent a collection letter or collection lawsuit by DNF Associates makes joinder of each person impractical.

27. DNF Associates' use of regular policies and procedures described above present common issues of law and fact that can be decided on a class basis.

28. Plaintiff's claim against DNF Associates based on its regular policies and procedures is typical of the FDCPA and Hawaiian Classes of persons.

29. Plaintiff does not have any interests antagonistic to the FDCPA or Hawaiian Class.

30. Plaintiff's counsel is experienced in law governing the claims asserted

and in consumer class actions.

31. DNF Associates' policies and procedures show it (i) engages in illegal collection of debts in the State of Hawaii; or (ii) engages in means of collecting debts that are false, misleading, deceptive or confusing or unfair to the least sophisticated consumer.

32. A class action is superior to individual actions based on these consumer claims because many of the consumers affected by DNF Associates' practices may not be in a position to pursue individual claims and the remedial nature of the laws upon which the claims are based are served by allowing a class action.

**FACTS SHOWING DNF ASSOCIATES' POLICIES AND PROCEDURES**

*January 10, 2019 Collection Lawsuit by Defendant DNF Associates*

33. Defendant DNF Associates filed a lawsuit against Mr. Viernes in the Hawaii District Court for the First Circuit on January 10, 2019. (See attached Exhibit B).

34. The January 10, 2019 collection lawsuit identified Kay Jewelers as the original creditor and the last four digits of the Account number was listed as 6724. (Exhibit B).

35. The January 10, 2019 collection lawsuit demanded the "Amount" or "Sum" of $1,534.18 on the account as of January 10, 2019. (Exhibit B).

[ 7 ]

36. The January 10, 2019 collection lawsuit asserts, "This Court has jurisdiction over this matter and venue is proper". (Exhibit B).

37. The January 10, 2019 collection lawsuit asserts that "Plaintiff [DNF Associates, LLC] is the successor-in-interest of Sterling Jewelers, Inc. dba KAY JEWELERS and to account XXXX6724." (Exhibit B).

38. The January 10, 2019 collection lawsuit explains: "This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Exhibit B).

39. Mr. Viernes has suffered actual damages in postage and additional damages such as mileage costs and emotional distress due to Defendant's actions.

## CAUSES OF ACTION

### *COUNT ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT INDIVIDUALLY AND ON BEHALF OF THE FDCPA CLASS*

### FIRST VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT:
### FALSE OR MISLEADING REPRESENTATIONS

40. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

41. Defendant's use of false, deceptive, or misleading representations or means is abundantly clear since Defendant is attempting to collect debts in the State of Hawaii without a collection license.

## SECOND VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS

42. Defendant's violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

43. Defendant did make false, deceptive, or misleading representations in connection with the legal status of Mr. Viernes's debt, whereas it is demanding payment from Mr. Viernes without the required license to collect that account in Hawaii.

## COUNT TWO:
## INDIVIDUALLY AND ON BEHALF OF THE HAWAI'I CLASS
## VIOLATIONS OF THE HAWAI'I REVISED STATUTES

44. A consumer may bring an action based upon unfair or deceptive acts or practices. Haw. Rev. Stat. §480-2.

45. Any person may bring an action based on unfair methods of competition declared unlawful by Haw. Rev. Stat. §480.

46. Mr. Viernes, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices as well as their unfair methods of competition.

47. Mr. Viernes has incurred actual damages as a result of Defendant's acts and practices.

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE REPRESENTATIONS AND THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

48. The acts of Defendant constitute violations of the Hawai'i Revised Statutes.

49. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. Haw. Rev. Stat. § 480-2

50. All collection agencies that collect debts from any person who resides in Hawaii must be registered with the Department of Commerce and Consumer Affairs and must comply with the state's laws and rules.  Haw. Rev. Stat. § 443B.

51. Defendant collects debts from the people of Hawaii, and is now collecting from Mr. Viernes.

52. Defendant does not currently hold a Hawaii Collections License.

53. Defendant's collection of this account from Plaintiff without registering as a Collection Agency with the Department of Commerce and Consumer Affairs is an unfair or deceptive act or practice against him.

54. Defendant's collection of accounts without registering as a Collection Agency with the Department of Commerce and Consumer Affairs provides them an unfair competitive advantage and violates Hawaii laws or rules, therefore it is a violation of Haw. Rev. Stat. § 443B and Haw. Rev. Stat. § 480.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

55. Violations of Hawaii Revised Statutes also include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

56. The underlying debt is disputed.

57. By filing a lawsuit against Mr. Viernes without first acquiring the necessary licensing, Defendant has made false representations that they can file suit in Hawaii against Mr. Viernes.

58. By filing a lawsuit against Mr. Viernes without first acquiring the necessary licensing, Defendant made a false implication of its ability to collect the debt in a legal proceeding before the courts of the State of Hawaii.

59. As a result of Defendant's actions, Mr. Viernes is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant violated Mr. Viernes's rights under the Fair Debt Collection Practices Act;

b) Declaratory judgment that Defendant violated Mr. Viernes's rights under the Hawai'i Revised Statutes;

c) Certify the FDCPA Class as proposed or subsequently amended and appoint Plaintiff as class representative and his counsel as Class Counsel;

d) Certify the Hawaiian Class as proposed or subsequently amended and appoint Plaintiff as class representative and his counsel as Class Counsel;

e) That Plaintiff and the FDCPA class be awarded statutory damages pursuant to 15 U.S.C. § 1692k(a) against Defendant in an amount to be determined at a trial by a jury;

  f)  Injunctive relief ordering Defendant to cease and desist from collecting debts in the State of Hawaii unless, and until, they have registered with the DCCA as a debt collector;

  g)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

  h)  That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

  i)  That Plaintiff and the Hawaiian Class be awarded statutory damages of not less than $1,000.00 each pursuant to Haw. Rev. Stat. § 480-13;

  j)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

  k)  That the Court declare all defenses raised by Defendant to be insufficient; and

  l)  Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 19th day of June, 2019.

        */s/ Justin A. Brackett*
        Justin A. Brackett, #9954
        Attorney for Plaintiff
        515 Ward Avenue
        Honolulu, HI 96814
        (808) 377-6778
        justinbrackettlaw@gmail.com