# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, <br> and all others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> DNF ASSOCIATES, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No.: 1:19-CV-316 JMS-KJM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF DAVID J. MACZKA

1. I am the Chief Compliance Officer of Defendant DNF Associates, LLC ("DNF"). I have personal knowledge of the business practices and procedures of DNF.

2. I submit this Declaration in support of DNF's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

3. DNF is a passive debt buyer, which means it does not engage in any collection activities concerning the debt that it owns or acquires, such as Plaintiff Ronald Viernes's ("Plaintiff") account at issue. Specifically, DNF does not perform any collection activities such as drafting or sending notices to consumers, contacting consumers over the telephone or directing the activities of any third party debt collectors with whom DNF contracts to collect outstanding debts.

4. I have reviewed Plaintiff's Complaint wherein Plaintiff alleges that on

January 10, 2019, nonparty Mandarich Law Group, LLP ("Mandarich") filed a complaint on DNF's behalf in the District Court of the First Circuit, Honolulu Division, attempting to collect a debt owned by DNF in violation of the Fair Debt Collection Practices Act and Hawaii Revised Statutes.

5. Specifically, Plaintiff alleges that DNF attempted to collect a debt without a collection agency license.

6. Despite Plaintiff's claims, the Hawaii Department of Commerce and Consumer Affairs ("DCCA") informed DNF that, as a passive debt buyer, the DCCA does not issue collection agency licenses to passive debt buyers.

7. On August 14, 2017, DNF inquired with the Hawaii Department of Commerce and Consumer Affairs ("DCCA") via email correspondence to inquire whether DNF must obtain a collection agency license to do business in Hawaii as a passive debt buyer.

8. The DCCA responded to DNF on August 15, 2017 via email correspondence and informed DNF that, as a passive debt buyer, the DCCA does not issue collection agency licenses to passive debt buyers.

9. DNF kept and maintained the correspondence from the DCCA in the regular course of its business. A true and accurate copy of the email correspondence from the DCCA is attached hereto as Exhibit A.

10. Prior to the commencement of the January 10, 2019 collection lawsuit,

DNF purchased Plaintiff's account from Sterling Jewelers, Inc. d/b/a Kay Jewelers ("Kay Jewelers").

11.  Upon purchase of Plaintiff's account from Kay Jewelers, DNF acquired all rights, title and interest in the subject debt.

12.  DNF then placed Plaintiff's account with Mandarich for collection.

13.  Mandarich filed a collection lawsuit against Plaintiff in the District Court of the First Circuit, Honolulu Division on behalf of DNF.

14.  DNF, itself, did not take any steps to collect on Plaintiff's account. Specifically, DNF did not draft or send any notices to Plaintiff and did not contact or attempt to contact Plaintiff over the telephone or through any other medium.

15.  DNF does not, nor has it ever, employed any individuals who actively attempt to collect debts.

16.  I declare under the penalty of perjury that the foregoing is true and correct.

DATED:    February 24, 2020

David J. Maczka