JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (admitted *pro hac vice*)
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, NY 10004
Telephone: (212) 248-7906
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiff*
Ronald Viernes

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>DNF ASSOCIATES, LLC,<br><br>    Defendant. | Case No:  1:19-cv-00316 JMS-KJM<br><br>**PLAINTIFF'S MOTION TO CERTIFY A CLASS AND APPOINT CLASS COUNSEL; EXHIBITS A-C; DECLARATIONS IN SUPPORT; CERTIFICATE OF SERVICE**<br><br>Trial: October 27, 2020<br><br>Judge: Honorable J. Michael Seabright<br>Magistrate Judge: Honorable Kenneth J. Mansfield |

# Table of Contents

*Table of Authorities* ........................................................................... i

*Plaintiff's Motion for Class Certification* .................................................. 1

*Summary of Claim* ............................................................................. 2

*Memorandum of Law in Support of Motion for Class Certification and Appointment of Class Counsel* .............................................................. 4

   I.   Standard of review for class certification ........................................ 4

   II.  Plaintiff meets the requirements for certification under Fed. R. Civ. P. 23(a)5
     A.  Numerosity is satisfied ...................................................... 6
     B.  Commonality is satisfied .................................................... 7
     C.  The claims of the representative party are typical of the claims of the class 8
     D.  The representative parties will fairly and adequately protect the interests of the class ........................................................................ 9

   III.  The proposed class meets the requirements of Rule 23(b)(3) ...................... 11

   IV.   Plaintiff's attorneys satisfy all of the criteria for appointment as class counsel under Rule 23(g) ........................................................... 18

*Conclusion* ...................................................................................... 19

# Table of Authorities

**Page(s)**

**Cases**

*Abels v. JBC Legal Grp., P.C.*,
   227 F.R.D. 541 (N.D. Cal. 2005) ......................................................... 5

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................... 12, 18

*Bateman v. Am. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) ............................................................. 4

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) ................................................................. 6

*R.P.-K. ex rel. C.K. v. Dep't of Educ., Hawaii*,
272 F.R.D. 541 (D. Haw. 2011) .............................................................. 6

*Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*,
445 U.S. 326 (1980) ............................................................................. 16

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012) .................................................... 4, 5, 8, 9

*Gen Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ............................................................................... 9

*Gold v. Midland Credit Mgmt., Inc.*,
306 F.R.D. 623 (N.D. Cal. 2014) ................................................ 5, 9, 12, 15

*Hazelwood v. Bruck Law Offices SC*,
244 F.R.D. 523 (E.D. Wis. 2007) ............................................................. 5

*Herrera v. LCS Fin. Servs. Corp.*,
274 F.R.D. 666 (N.D. Cal. 2011) ......................................................... 5, 13

*Hunt v. Check Recovery Sys., Inc.*,
241 F.R.D. 505 (N.D. Cal. 2007), modified, No. C05 04993 MJJ,
2007 WL 2220972 (N.D. Cal. Aug. 1, 2007) ..................................... 5, 9, 13, 15

*Hunt v. Imperial Merch. Servs., Inc.*,
560 F.3d 1137 (9th Cir. 2009) ................................................................. 5

*Jacobson v. Persolve, LLC*,
No. 14-CV-00735-LHK, 2015 WL 3523696 (N.D. Cal. June 4,
2015) ................................................................................................ 4, 12

*Mace v. Van Ru Credit Corp.*,
109 F.3d 338 (7th Cir. 1997) ................................................................ 15

*Mack v. South Bay Beer Distrib.*,
798 F.2d 1279 (9th Cir.1986) ................................................................. 2

*Magallon v. Vital Recovery Servs., LLC*,
No. 16 CV 02971 ................................................................................... 4

*McMillon v. Hawaii*,
  261 F.R.D. 536 (D. Haw. 2009) ........................................................................7

*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015).............................................................................6

*Palmer v. Stassinos*,
  233 F.R.D. 546 (N.D. Cal. 2006) ......................................................................8

*Parra v. Bashas', Inc.*,
  536 F.3d 975 (9th Cir. 2008)..............................................................................8

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014)..............................................................................5

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ....................................................................................10, 15

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010)............................................................................7

*Santoro v. Aargon Agency, Inc.*,
  252 F.R.D. 675 (D. Nev. 2008) .........................................................................5

*True Health Chiropractic, Inc. v. McKesson Corp.*,
  896 F.3d 923 (9th Cir. 2018)............................................................................11

*Villanueva v. Liberty Acquisitions Servicing, LLC*,
  319 F.R.D. 307 (D. Or. 2017) ......................................................................4, 14

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ..........................................................................................11

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013)..............................................................................7

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010)............................................................................7

*Yokoyama v. Midland Nat. Life Ins. Co.*,
  594 F.3d 1087 (9th Cir. 2010)......................................................................5, 13

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*..................................................4

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*.........................*passim*

FDCPA, 15 U.S.C. §§ 1692k(a) and (b).........................................................4

Haw. Rev. Stat. § 443B-1 ...........................................................................2

Haw. Rev. Stat. § 443B-3 .......................................................................1, 3

Haw. Rev. Stat. § 480-1...............................................................................2

Telephone Consumer Protection Act, 47 U.S.C. § 227 .............................................4

**Other Authorities**

Fed R. Civ. P. 23 ...............................................................................*passim*

2 H. Newberg, *Newberg on Class Actions* (4th Ed. 2002), § 4:35 .........................17

**Plaintiff's Motion for Class Certification**

Plaintiff Ronald Viernes ("Plaintiff" or "Viernes") hereby moves the Court under Fed. R. Civ. P. 23(b)(3) and 23(c)(1) for an order certifying this action against Defendant DNF Associates, LLC ("Defendant" or "DNF") as a class action, certifying Plaintiff as the representative of the class, and appointing Justin A. Brackett and Brian L. Bromberg as class counsel. This motion is made following the conference of counsel pursuant to LR7.8 which took place on June 16, 2020.

Plaintiff filed this class-action lawsuit against Defendant on June 19, 2019 for collection lawsuits it filed in Hawaii courts without a valid license in violation of the Fair Debt Collection Practices Act ("FDCPA")[1] and Hawaii law.[2] Plaintiff now moves for an order certifying a class, defined as follows:

1. <u>FDCPA Class:</u>

   (a) all Hawaii residents;
   (b) who were subjected to debt collection lawsuits by DNF;
   (c) while DNF was unlicensed as a debt collector in Hawaii;
   (d) to collect a "debt" as defined by the FDCPA;
   (e) that DNF bought while the debt was in default; and
   (f) where the collection lawsuit, letters, or calls occurred within the one (1) year period immediately preceding the filing of this complaint.

---

[1] Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*
[2] Hawaii Revised Statutes ("Haw. Rev. Stat. ") § 443B-3.

2.  Hawaii Class:

    (a) all Hawaii "consumers" as defined by H.R.S. § 480-1;

    (b) who were subjected to debt collection lawsuits by DNF;

    (c) while DNF was unlicensed as a debt collector in Hawaii;

    (d) to collect a "debt" as defined by H.R.S. § 443B-1;

    (e) where DNF was assigned the debt; and

    (f) where the collection lawsuit commenced within the four (4) year period immediately preceding the filing of this complaint.

**Summary of Claim**

This putative class action arises out of collection lawsuits that Defendant filed against Hawaii residents through Hawaii courts even though Defendant was not licensed as a collection agency under Hawaii Law. Defendant is a debt collection agency, purchasing defaulted third-party debts for the sole purpose of then collecting those debts. Plaintiff has identified at least 110 debt-collection lawsuits that DNF has filed in Hawaii between July 29, 2016 and August 28, 2019.[3] DNF was not licensed as a debt collector in Hawaii at the time it filed these debt-collection lawsuits.[4]

---

[3] Declaration of Justin A. Brackett ("Bracket Decl."), dated June 30, 2020, and referenced Ex. A. This exhibit relies on public court records from Hawaii's Judicial Information Management System. In addition to considering this exhibit, the Court is also able to take judicial notice of the debt collection lawsuits and filing dates because they are public record. *See Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986) (a court may take judicial notice of "matters of public record.").

[4] Brackett Decl. and referenced Ex. B.

Defendant's debt-collection lawsuits against Plaintiff and the putative class members raise identical issues under the FDCPA and Hawaii law. Under Hawaii law, "[no] collection agency shall collect or attempt to collect any money or any other forms of indebtedness alleged to be due and owing from any person who resides or does business in this State without first registering under this chapter."[5] Under the FDCPA, it is unlawful for a debt collector to "threat[en] to take any action that cannot legally be taken."[6] The legal basis for Defendant's liability is laid out more fully in Plaintiff's opposition to Defendant's motion for summary judgment.

This class action presents two common questions that predominate over any individual variation between class members: (1) whether Plaintiff violated the FDCPA's bar against any "threat to take action that cannot be legally taken" by filing debt collection lawsuits in Hawaii without the necessary license; and (2) whether the same conduct constitutes a deceptive and unconscionable practice or false or misleading representation in violation of Hawaii's statute.

If the answer to the above questions is yes, then what remains is a determination of the amount of statutory and compensatory damages that may be awarded to the class. In short, if Plaintiff wins his claims because Defendant's

---

[5] Haw. Rev. Stat.  § 443B-3(a).
[6] 15 U.S.C. § 1692e(5)

collection lawsuits violate the FDCPA and Hawaii statute then the class members also win since the test is an objective test. This makes the case and the claims ideal for resolution as a class to promote judicial economy by avoiding repetitious cases to try the same issues and to hold Defendant accountable under a remedial consumer protection act.

### Memorandum of Law in Support of Motion for Class Certification and Appointment of Class Counsel

### I. Standard of review for class certification

"The decision to grant or deny class certification is within the trial court's discretion."[7] In the Ninth Circuit, that discretion is to be exercised "in light of the objectives" of the statutory scheme at issue.[8] Congress recognized the importance of class actions in protecting consumers from debt collectors by expressly authorizing class-action remedies under the FDCPA.[9] Consequently, district courts throughout the Ninth Circuit have certified numerous FDCPA cases for class-action treatment.[10] Class actions are also consistent with Hawaii's consumer-

---

[7] *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1028 (9th Cir. 2012)

[8] *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 716 (9th Cir. 2010)

[9] 15 U.S.C. §§ 1692k(a) and (b). Unlike some other federal consumer protection statutes, like the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. § 227, Congress has highlighted the importance of class actions in enforcing the FDCPA by explicitly providing for class actions.

[10] *See, e.g.*, *Magallon v. Vital Recovery Servs., LLC*, No. 16 CV 02971 JAH-BLM, 2018 WL 1336291, at *8 (S.D. Cal. Mar. 15, 2018); *Villanueva v. Liberty Acquisitions Servicing, LLC*, 319 F.R.D. 307, 334 (D. Or. 2017); *Jacobson v.*

protection laws, which "hav[e] been constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both consumers and honest businessmen."[11]

Under Fed. R. Civ. P. 23, a class should be certified when the plaintiff meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b).[12] Upon satisfaction of these requirements, the court must then find that questions of law or fact that are common to the class members predominate over questions that affect any individual member.[13]

## II.   Plaintiff meets the requirements for certification under Fed. R. Civ. P. 23(a)[14]

Fed. R. Civ. P. 23 governs applications to certify a class.  Rule 23 is divided into sections (a) and (b). Because Plaintiff meets the requirements of numerosity,

---

*Persolve, LLC*, No. 14-CV-00735-LHK, 2015 WL 3523696, at *9 (N.D. Cal. June 4, 2015); *Gold v. Midland Credit Mgmt., Inc.*, 306 F.R.D. 623, 634 (N.D. Cal. 2014); *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 682 (N.D. Cal. 2011); *Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 687 (D. Nev. 2008), as corrected (Oct. 21, 2008); *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 515 (N.D. Cal. 2007), modified, No. C05 04993 MJJ, 2007 WL 2220972 (N.D. Cal. Aug. 1, 2007), aff'd sub nom. *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137 (9th Cir. 2009); *Hazelwood v. Bruck Law Offices SC*, 244 F.R.D. 523, 525 (E.D. Wis. 2007); *Abels v. JBC Legal Grp., P.C.*, 227 F.R.D. 541, 549 (N.D. Cal. 2005); *see also Evon*, 688 F.3d at 1032 (reversing denial of class certification in FDCPA case).

[11] *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1092 (9th Cir. 2010).

[12] Fed. R. Civ. P. 23; *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

[13] Fed R. Civ. P. 23(b)(3).

[14] Although some courts begin their analysis of a motion to certify a class under Rule 23 with a preliminary determination as to whether or not the class is

commonality, typicality, and adequacy, and because common questions predominate over any individual questions and a class action is superior to other methods to adjudicate the controversy, the proposed class should be certified.[15] Moreover, Plaintiff's attorneys meet the requirements to be appointed class counsel under Rule 23(g).[16]

### A. Numerosity is satisfied

The first requirement of Rule 23(a) is that the class members be so numerous that joinder is not practicable.[17] "[I]mpracticability,' as used in the numerosity requirement of Rule 23, does not mean 'impossibility,' but only 'the difficulty or inconvenience of joining all members of the class.'"[18] While the Ninth Circuit has not established a precise minimum number of class members to establish

---

ascertainable, the Ninth Circuit has not adopted an ascertainability test. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017). ("ConAgra cites no other precedent to support the notion that our court has adopted an 'ascertainability' requirement. This is not surprising because we have not."); *see also Mullins v. Direct Digital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015) ("Nothing in Rule 23 mentions or implies this heightened requirement under Rule 23(b)(3), which has the effect of skewing the balance that district courts must strike when deciding whether to certify classes."). In this case it does not matter whether the Court adds ascertainability to the Rule 23 analysis or not. The proposed class before the Court is easily ascertainable because the identity of each class member is known by the Defendant and is also a public record. *See* Brackett Decl, Ex. A.

[15] Fed. R. Civ. P. 23(a) and (b)(3).

[16] Fed. R. Civ. P. 23(g).

[17] Fed. R. Civ. P. 23(a)(1).

[18] *R.P.-K. ex rel. C.K. v. Dep't of Educ., Hawaii*, 272 F.R.D. 541, 547 (D. Haw. 2011) (quoting *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)).

numerosity, "[g]enerally, a class satisfies numerosity if it is likely to exceed forty members."[19]

Based upon a search of Hawaii state-court records by Plaintiff's counsel, approximately 109 individuals qualify for the FDCPA class and for the Hawaii class.[20] Even if no additional class members can be identified, these numbers make the joinder of all in a single action impractical, if not impossible. With so many class members, DNF cannot argue that a showing of numerosity has not been met.

**B. Commonality is satisfied**

Fed. R. Civ. P. 23(a)(2) requires that there be either a common question of law or fact; that is, "class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief."[21] This requirement is construed "permissively"[22]; so long as there is at least one issue in common to all class members, a class should be certified.[23] Commonality is routinely satisfied in FDCPA cases where the defendant engaged

---

[19] *McMillon v. Hawaii*, 261 F.R.D. 536, 542 (D. Haw. 2009).
[20] Brackett Decl., Ex. A.
[21] *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (internal quotation marks and citation omitted).
[22] *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010).
[23] *See Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) ("So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011))

in "standardized conduct towards members of the proposed class" such as mailing illegal form letters.[24]

This case presents the common question of whether Defendant's debt-collection activities while unlicensed violated the FDCPA and Hawaii law. The answer to this question will be the same for all class members. This case also presents common facts, because the Defendant has admitted that it is not licensed as a debt collector and Defendant cannot dispute that it has brought collection actions against class members in Hawaii.[25] This satisfies commonality under Rule 23(a)(2).[26]

## C. The claims of the representative party are typical of the claims of the class

The test of typicality is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."[27] The typicality requirement ensures that "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will

---

[24] *Palmer v. Stassinos,* 233 F.R.D. 546, 549 (N.D. Cal. 2006); *see also Evon*, 688 F.3d at 1029 (commonality satisfied where dispute was over legality of debt collection letters sent to all class members).

[25] Brackett Decl., Ex. A.

[26] *See Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.").

[27] *Evon*, 688 F.3d at 1030.

be fairly and adequately protected in their absence."[28] Courts have concluded that typicality is met where each member of the purported class suffers the same violation of the FDCPA and state law.[29]

Here, the claims of the class representative are based on the same allegedly unlawful conduct as underlie the claims of the proposed class members. Stripped to its essentials, the claims of both the class representative and the proposed class members rest upon allegations that DNF filed a debt collection lawsuit against them without a license in violation of federal and state law. Accordingly, Rule 23(a)(3)'s typicality requirement is satisfied.

### D. The representative parties will fairly and adequately protect the interests of the class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." In evaluating this factor, courts ask two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[30] In a class action,

---

[28] *Gen Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 158 n.13 (1982).
[29] *See Gold*, 306 F.R.D. at 631 (typicality established where Plaintiff subject to same unlawful collection effort as other class members); *Hunt*, 241 F.R.D. at 511 (typicality satisfied where Plaintiff alleges "Defendant engaged in unlawful standardized conduct toward Plaintiffs");
[30] *Evon*, 688 F.3d at 1031 (internal quotation marks and citation omitted).

due process dictates that the named plaintiffs possess undivided loyalty to those class members who are absent.[31]

Here, Plaintiff has retained counsel with substantial experience litigating claims of this type both in class actions and in individual suits.[32] Attorney Bromberg has considerable experience representing plaintiffs in class actions and in handling matters under the FDCPA.[33] He has served as class counsel in numerous certified class actions, including adjudicated cases brought in federal court under the FDCPA. Attorney Brackett also has over a decade of experience representing individual FDPCA litigants and pursuing consumer protection claims.[34] Accordingly, Attorneys Brackett and Bromberg should be appointed as class counsel under Rule 23(g).

As to the named plaintiff, Plaintiff's accompanying declaration indicates that he has no known conflicts with any of the class members and demonstrates in detail how he has been actively involved in the prosecution of this action.[35] Given the identical claims of Plaintiff and the class members, Plaintiff is an adequate representative of the class.

---

[31] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985).

[32] *See* accompanying Declaration of Brian L. Bromberg (the "Bromberg Decl."), dated June 30, 2020 and Brackett Decl.

[33] *See* Bromberg Decl.

[34] *See* Brackett Decl.

[35] *See* accompanying Declaration of Ronald Viernes, dated June 30, 2020.

### III.    The proposed class meets the requirements of Rule 23(b)(3)

Once the Court has concluded that the four prerequisites for class action

certification have been met, it must decide whether the class action is maintainable

under Rule 23(b)(3), which provides "that the questions of law or fact common to

the members of the class predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fair and

efficient adjudication of the controversy." These requirements are commonly

referred to as predominance and superiority.[36]

### 1.  Predominance

Substantial authority supports certification of FDCPA class actions under

subsection (b)(3).[37] "[T]he predominance inquiry under Rule 23(b)(3) asks whether

common questions present a significant aspect of the case and they can be resolved

for all members of the class in a single adjudication."[38] Rule 23(b)(3)

"[p]redominance is a test readily met in certain cases alleging consumer or

---

[36] *Wal-Mart Stores, Inc.*, 564 U.S. at 362.

[37] *See* footnote 10, *supra*.

[38] *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018) (internal quotation marks and citation omitted).

securities fraud . . . ."[39]  The requirement of predominance tests whether proposed classes are cohesive enough to warrant adjudication by representation.[40]

The common question here is whether Defendant's practice of engaging in debt-collection activities without a license violated the FDCPA or Hawaii law. Because the class is limited to debt collections that are similar or identical to the debt-collection action pursued against Plaintiff, the Court will only need to decide liability with regard to one set of facts. This is the common question that predominates over any others.[41]

Any defense offered by the Defendant would apply equally to all class members. Indeed, the defenses Defendant has offered in its motion for summary judgment are not unique to Plaintiff and could be raised as to every class member.[42] Therefore, common issues of law and fact predominate.

The potential for damages to vary between class members does not undermine the predominance of the common legal questions posed in this action.

---

[39] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citations omitted); *see also Gold*, 306 F.R.D. at 633–34 ("[T]he broad remedial purpose of the FDCPA compels this Court to conclude that the Rule 23(b)(3) requirement of predominance is satisfied where, as here, statutory damages are sought to deter debt collectors from engaging in prohibited behavior.").

[40] *Amchem*, 521 U.S. at 623.

[41] *See Jacobson*, 2015 WL 3523696, at *6 (holding common issues predominate where dispute over legality of standardized collection activity "will resolve the claims of the entire class").

[42] *See* Defendant's Memorandum in Support of its Motion for Summary Judgment (Dkt. 48-1).

In the Ninth Circuit, "damage calculations alone cannot defeat certification."[43] In any case, damages under the FDCPA are formulaic: any actual damages sustained, and such additional damages, not to exceed $1,000, as the court may allow. While there is no minimum individual recovery, the total amount of statutory damages awarded cannot exceed the lesser of $500,000 or 1% of the net worth of the debt collector.[44]  The only "non-common" question is how much DNF collected from those class members who were subject to its unlawful collection activities. But this "non-common" question is within the knowledge of DNF, and the common questions regarding liability predominate over the readily answered questions that apply to individual class members.[45]

Damages under Hawaii law are limited to actual damages.[46] Those actual damages are easily calculable based on information from DNF's own files.[47] Any

---

[43] *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).
[44] 15 U.S.C. § 1692k(a).
[45] *See Yokoyama*, 594 F.3d at 1094 (holding that variation in damages does not defeat predominance); *Herrera*, 274 F.R.D. at 680 ("[I]ndividual damages issues typically do not bar class certification where common questions predominate over individual questions as to liability.").
[46] Smith v. Bank of Hawaii, No. CV 16-00513 JAO-RLP, 2019 WL 404423, at *10 (D. Haw. Jan. 31, 2019).
[47] *See Hunt*, 241 F.R.D. at 514 (claim for actual damages does not defeat predominance because "the amounts collected will be reflected in Defendant's collection records").

individual variation in actual damages will not predominate over the common question of liability.[48]

### 2. Superiority

Rule 23(b)(3) lists factors "pertinent" to the finding that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, which include:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability or concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.[49]

Each of the issues identified support certification here.

### (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions

Allowing this case to proceed as a class action would be an efficient means of resolving the claims at issue, where each class member possesses a claim based on collection lawsuits filed by DNF in violation of the FDCPA and Hawaii law. Aggregating these claims based on DNF's collection lawsuits helps the poor or the

---

[48] *See Villanueva*, 319 F.R.D. at 320 ("Individualized actual damages in FDCPA claims have not prevented other courts from finding class certification appropriate.").
[49] Fed. R. Civ. P. 23(b)(3).

uninformed to enforce their rights, especially in a case where multiple lawsuits would not be justifiable for each individual plaintiff because of the small amount of money they would potentially seek.[50] Indeed, putative class members in FDCPA cases are unlikely to be aware of their rights, let alone pursue them through litigation.[51] Even though the FDCPA allows for individual statutory-damage recoveries of up to $1,000, as the Seventh Circuit has noted, "this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case."[52]

The core purpose of class-action procedure is to give individual plaintiffs a vehicle to pool claims that they would otherwise not litigate on an individual basis.[53] A consumer may be economically discouraged from seeking relief in an individual action because of the high risk that potential recovery would be

---

[50] *See Hunt*, 241 F.R.D. at 514 ("[T]he size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually."); *see also* Advisory Committee Note to 1966 Amendment to Rule 23.

[51] *See Hunt*, 241 F.R.D. at 514 (finding "that individual consumers are most likely unaware of their rights under the FDCPA and that the likelihood of individual actions is remote").

[52] *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *see also Gold*, 306 F.R.D. at 634 (agreeing with Plaintiff's argument that superiority is satisfied because "because individual recovery is small, and resorting to alternative mechanisms would be unduly inefficient")

[53] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

exceeded by the sheer cost of litigation.[54] Class certification thus allows the Court to manage a large number of small and medium-sized claims where the high costs of discovery and trial could easily prevent any adjudication of those claims and preclude relief to the class members. Here, the amounts of the claims are very small, and it is unlikely that the class members have much interest in individually controlling the prosecution of the action.

**(B)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the class.**

Plaintiff is aware of no other pending litigation by another party related to debt collection suits filed by Defendant in Hawaii other than his own.

**(C)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum.**

There does not appear to be any reason why it is undesirable to concentrate the litigation before this Court. To the contrary, this forum is particularly appropriate because the allegedly unlawful acts took place in Hawaii and the proposed class is premised on violations of Hawaii law.

**(D)    The difficulties likely to be encountered in the management of a class action.**

The legal and factual issues relating to the predominant issues can be decided either by motion or a trial. If the debt collection suit violated the FDCPA

---

[54] *See Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980).

or Hawaii statute, that finding will be the same for all class members. In addition, the identity of class members can be ascertained from the Defendant's records and public records. The claims rest on the predominant issues that the lawsuits violated the FDCPA and/or Hawaii statute. Thus, there do not appear to be any difficulties in managing the proposed class action.

Moreover, the proposed class is not large, and the attorneys' experience in suits of this kind speaks to their ability to manage the class. To the extent that this is considered a management difficulty, "[i]t should be kept in mind that management difficulties, as with other superiority factors, must be judged in comparison to the fairness and efficiency of other available methods for adjudicating the controversy. Because [ascertainment of class members is] unique to class actions, any management difficulties in connection with class notice must be viewed not in isolation, but rather from the perspective of whether such [superiority problems] negate the advantages of unitary adjudication from a class action."[55]

The trial of the damage portion of the case is also straightforward because it 1) seeks a single award of statutory damages allowed under the FDCPA to be distributed to class members; and 2) actual damages for any class member which

---

[55] 2 H. Newberg, *Newberg on Class Actions* (4th Ed. 2002), § 4:35 (discussing difficulties in notifying the class members as a potential management difficulty).

can be determined from Defendant's own records. In short, there do not appear to be any difficulties in managing the pretrial or trial of the proposed class claims.

The only real alternative to a class action here is for there to be no adjudication of these claims whatsoever. Therefore, a class action is not only the superior means of adjudication, but practically, it is the only means.

## IV. Plaintiff's attorneys satisfy all of the criteria for appointment as class counsel under Rule 23(g)

Under Rule 23(g), the Court must consider the following in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action,
>
> (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>
> (iii) counsel's knowledge of the applicable law, and
>
> (iv) the resources counsel will commit to representing the class.[56]

These requirements are similar to those employed in determining whether counsel is adequate under Rule 23(a)(4).[57] Therefore, the standards developed by that case law have been incorporated almost in their entirety into new Rule 23(g), and the

---

[56] Fed. R. Civ. P. 23(g)(1)(C)(i).

[57] *See Amchem*, 521 U.S. at 626 n.20 ("The adequacy heading also factors in competency and conflicts of class counsel.").

discussion of Plaintiff's counsel's qualifications set forth above satisfies many of the "new" Rule 23(g) requirements.

In addition, here, Plaintiff's counsel carefully investigated potential claims in this action. Plaintiff's attorneys have also diligently pursued all discovery avenues in this case and have kept abreast of the various cases previously and now pending against Defendant.

### Conclusion

The proposed class meets all the Rule 23 requirements to be certified.  The FDCPA Class and the Hawaii Class assert discrete claims on behalf of the proposed class that should be decided on a class basis rather than tens if not hundreds of repetitive trials addressing and resolving the same issues. For the above reasons, the proposed class should be certified.

Dated: June 30, 2020.

/s/ *Justin A. Brackett*
Justin A. Brackett
Attorney for Plaintiff