IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>*and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>DNF ASSOCIATES, LLC,<br><br>Defendant. | Civ. No. 19-00316 JMS-KJM<br><br>ORDER DENYING DEFENDANT DNF ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 48 |

### ORDER DENYING DEFENDANT DNF ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 48

### I. INTRODUCTION

Before the court is Defendant DNF Associates, LLC's ("Defendant" or "DNF") Motion for Summary Judgment. ECF No. 48. For the following reasons, the court DENIES Defendant's Motion.

### II. BACKGROUND

Plaintiff Ronald Viernes ("Plaintiff" or "Viernes") brought this class action against DNF, alleging that DNF unlawfully collected debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and Hawaii Revised Statutes ("HRS") § 480-2 for failure to register as a collection agency with the State of Hawaii. Specifically, Plaintiff alleges that DNF violated

both the FDCPA and HRS § 480-2 when it filed a complaint against Plaintiff seeking to collect a debt which DNF had purchased from Kay Jewelers. ECF No. 1 at PageID #4, 7-8. On May 28, 2020, DNF filed the instant Motion, seeking summary judgment as to both claims. ECF No. 48. On July 15, 2020, Plaintiff filed his Opposition. ECF No. 64. On July 20, 2020, DNF filed its Reply. ECF No. 67. The court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure ("FRCP") 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## IV.  DISCUSSION

Plaintiff alleges that DNF is in violation of the FDCPA and HRS § 480-2 because DNF brought suit against Plaintiff to recover an alleged debt but was not registered with the Hawaii Department of Commerce and Consumer Affairs ("the DCCA") as a "collection agency" pursuant to HRS § 443B-3.  *See* Pl.'s Opp'n, ECF No. 64 at PageID #431 ("Defendant violated the FDCPA when it sued Plaintiff to recover an alleged debt despite not being registered with the DCCA as a collection agency."); *see also* ECF No. 1.

### A.  FDCPA

Under 15 U.S.C. § 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection of any debt."  And "a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §[] 1692e."  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010).

DNF does not dispute that a collection complaint was filed on its behalf, that Plaintiff is a "consumer," or that DNF is a "debt collector" for purposes of the FDCPA.  Rather, DNF argues it did not communicate with Plaintiff in connection with the collection of a debt because the collection complaint was

filed by its lawyers, Mandrich Law, and not by DNF or any of its employees. ECF No. 48-1 at PageID #229-30. The court disagrees.

First, DNF cites to no authority (nor can it) for such proposition. At most, DNF cites to two cases—both of which are inapposite to DNF's position. First, DNF cites to an out-of-circuit district court case, *Hunstein v. Preferred Collection and Management Services, Inc.*, 2019 WL 5578878, at *3 (M.D. Fla. Oct. 29, 2019), for the proposition that a "third party who generated and sent the plaintiff a collection letter was not a communication in connection with the collection of a debt." *See* ECF No. 48-1 at PageID #231. In *Hunstein*, the defendant debt collector transmitted information to a third-party mail center, CompuMail, to generate a collection letter to the plaintiff. 2019 WL 5578878, at *1. The plaintiff argued that the transmitted information to CompuMail was a "communication" in violation of the FDCPA. The court rejected this argument, noting that the plaintiff "conflate[d] the two communications." *Id.* at *3. The information transmitted to CompuMail did not constitute a "communication" in violation of the FDCPA. The letter generated by CompuMail on behalf of the defendant, however, *was* a "communication" for purposes of the FDCPA. *Id.* ("The fact that the debt collection letter that CompuMail generated and sent would be considered a 'communication in connection with the collection of a debt' does

not make the transfer of information to CompuMail a communication in connection with the collection of a debt."). Thus, and in fact, *Hunstein* contradicts DNF and supports the opposite position—that is, a collection complaint (like a collection letter) generated by a third party or agent (like CompuMail or Mandrich Law) *on behalf* of a debt collector *is* a "communication" under the FDCPA.

In its Reply, DNF also claims *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010) and *Heintz v. Jenkins*, 514 U.S. 291 (1995) support the proposition that Mandrich Law, not DNF, should be held liable. ECF No. 66 at PageID #460. *Donohue*, however, held that a civil complaint filed by Quick Collect is a communication subject to § 1692e. *See Donohue*, 592 F.3d at 1031-32. *Donohue* held that this reasoning was consistent with *Heintz*—attorneys who "'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation" could be subject to the FDCPA. *Heintz*, 514 U.S. at 298; *see also Donohue*, 592 F.3d at 1032. But DNF mischaracterizes *Donohue* and *Heintz*—these cases do not stand for the proposition that *only* the attorney can be held liable for FDCPA violations when filing a complaint on behalf of its client. Rather, an attorney who "'regularly engage[s] in consumer-debt-collection activity" may *also* be liable. Merely because Mandrich Law could also possibly be

liable (which the court is not determining here) does not absolve DNF from liability as a matter of law.

Further, DNF's position—that a complaint filed by its lawyers is allegedly a third-party filing—belies basic principal-agency principles between a lawyer and a client. *See Comm'r of Internal Revenue v. Banks*, 543 U.S. 426, 427 (2005) (the "attorney-client relationship" "is a quintessential principal-agent relationship, for the client retains ultimate dominion and control over the underlying claim"); *see also* DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301, 301 (1998) ("[T]he lawyer-client relationship is a commonsensical illustration of agency. A lawyer acts on behalf of the client, representing the client, with consequences that bind the client."). Under DNF's theory, any filings in courts, including this court, could never be attributed to the clients whom attorneys represent, including DNF's own filings by its counsel here. That cannot be.

Accordingly, DNF's Motion for Summary Judgment as to Plaintiff's FDCPA count is DENIED.

///

///

///

///

**B.     HRS § 480-2**

DNF also argues that it did not violate HRS § 480-2 because it is not a "collection agency" for debt collection purposes under Hawaii law and thus was not required to register with the DCCA pursuant to HRS § 443B-3. *See* ECF No. 48-1 at PageID #232-33. A collection agency cannot "collect or attempt to collect any money or any other forms of indebtedness alleged to be due and owing from any person who resides or does business in [Hawaii] without first registering." HRS § 443B-3. And failure to register "by a collection agency shall constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce for the purpose of section 480-2." HRS § 443B-20.

> Hawaii law defines a "collection agency" as:
>
> any person, whether located within or outside this State, who by oneself or through others offers to undertake or holds oneself out as being able to undertake or does undertake to collect for another person, claims or money due on accounts or other forms of indebtedness for a commission, fixed fee, or a portion of the sums so collected.
>
> "Collection agency" includes:
> (1)   Any person using any name other than the person's own in collecting the person's own claims with the intention of conveying, or which tends to convey the impression that a third party has been employed;

>    (2)   Any person who, in the conduct of the person's business for a fee, regularly repossesses any merchandise or chattels for another; and
>    (3)   Any person who regularly accepts the assignment of claims or money due on accounts or other forms of indebtedness and brings suits upon the assigned claims or money due on accounts or other forms of indebtedness in the person's own name; provided that any suits shall be initiated and prosecuted by an attorney who shall have been appointed by the assignee.

HRS § 443B-1.

DNF's argument is very limited and specific—it refers to an email correspondence with an unnamed DCCA employee stating that DNF did not need to be licensed or registered as a "collection agency" based on the limited facts DNF posited to the DCCA employee. *See* ECF No. 49-2. Specifically, an individual purportedly on behalf of DNF wrote to the DCCA as follows:

> I am inquiring about the need for a collection agency license for a foreign entity that is only a debt buyer. We do not collect on our own debt but rather use collection agencies to collect on our behalf. Would we still need to apply for an exemption for a collection agency license.

*Id.* at PageID #244. In response, the DCCA employee wrote the following:

> The Collection Agencies Program licenses collection agencies; we do not license <u>passive</u> debt buyers. Our interpretation of a <u>passive</u> debt buyer means that the debt buyer **does not** participate in the collection of the debt. They are not a collection agency, rather the debt buyer purchases the debt, then out-sources the debt to a third party licensed debt collector to collect the debt.

9

> However, there are debt buyers/collection agencies who purchase the debt, then **collect** on the debt. If you collect on any debt, you need to be licensed/registered.

*Id.*

Putting aside the admissibility of such hearsay at trial,[1] and putting aside that Plaintiff disputes the facts and assumptions DNF presented to the DCCA, DNF fails to refer the other half of the DCCA employee's email, which states that:

> [the DCCA] will not provide legal advice nor does the department provide legal interpretations. Should you believe that you are exempt from registering with the State of Hawaii, then the burden of proof would be upon you to show that registration was not necessary in the event of an investigation.

*Id.* Accordingly, this email from the DCCA, which itself states is "not legal advice" or a "legal interpretation[]" is insufficient for DNF to meet its burden at summary judgment to show that it was not, as a matter of law, a collection agency under Hawaii law. Nor, does DNF's cited authority aid its position. DNF cites a Massachusetts Supreme Court case for the proposition that a "passive" debt buyer (which DNF purports to be) is not a debt collector subject to a license in

---

[1] Plaintiff objects to the admissibility of this email, arguing it is inadmissible hearsay. *See* ECF No. 63-9. The court need not rule on the admissibility of this evidence, because, as noted, such evidence (even if admissible) fails to meet DNF's burden for purposes of summary judgment.

Massachusetts. *See* ECF No. 66 at PageID #454-55 (citing *Dorrian v. LVNV Funding, LLC*, 479 Mass. 264 (2018)). But Massachusetts' state statutory licensing requirements have absolutely no bearing on *Hawaii's* state licensing requirements and whether DNF would be a collection agency under Hawaii law. Thus, this case is wholly inapplicable. And DNF does not provide any other arguments or evidence in support that it was not a collection agency as a matter of law.[2] Accordingly, DNF fails to meet its initial burden for summary judgment purposes that it is not a "collection agency" and its motion for summary judgment as to Plaintiff's state law claim, HRS § 480-2, is DENIED.[3]

---

[2] DNF argues, for the first time in its Reply, that it is not a collection agency because there were no alleged injuries. *See* ECF No. 66 at PageID #453. This was not raised in DNF's opening brief, and the court will not consider an argument raised in the first instance in the Reply. LR 7.2 ("Any argument raised for the first time in the reply shall be disregarded.").

[3] Although not clear, it appears DNF may also claim, separate from the DCCA email, that the court should grant summary judgment because DNF "does not send written communications to consumers, contact consumers via telephone or direct the activities of the third party debt collectors with whom it contracts." Mot., ECF No. 48-1 at PageID #233. But this argument is untethered to the actual definition of "collection agency" in HRS § 443B-1. Specifically, a collection agency includes "[a]ny person who regularly accepts the assignment of claims or money due on accounts . . . and brings suit upon the assigned claims or money due on accounts . . . in the person's own name" where the suit is initiated and prosecuted by an attorney appointed by the assignee. HRS § 443B-1 (subpart 3). Accordingly, it appears that DNF is a collection agency under Hawaii law (although the court need not and does not make such determination here). *See also Goray v. Unifund CCR Partners*, 2007 WL 4260017, at *10-11 (D. Haw. Dec. 4, 2007) (finding that Unifund was required to register as a collection agency under § 443B-1 (subpart 3) because it was a buyer of debt and appointed an attorney to initiate and prosecute a collection action on that debt).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES DNF's Motion for Summary Judgment, ECF No. 48.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Viernes v. DNF Assocs., LLC*, 19-cv-00316 JMS-KJM, Order Denying Defendant's Motion for Summary Judgment, ECF No. 48