STARN O'TOOLE MARCUS & FISHER
A Law Corporation
ANDREW J. LAUTENBACH 88805-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
alautenbach@starnlaw.com

LIPPES MATHIAS WEXLER FRIEDMAN LLP
BRENDAN H. LITTLE (*Pro Hac Vice*)
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
blittle@lippes.com

Attorneys for Defendant
DNF ASSOCIATES, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD VIERNES, and all others similarly situated | ) ) ) | Case No.: 1:19-CV-316 JMS-KJM |
| Plaintiff, | ) ) ) | **DEFENDANT DNF ASSOCIATES LLC'S OBJECTION TO THE FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | ) ) | |
| DNF ASSOCIATES, LLC | ) ) | |
| Defendant. | ) | |

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ii

PRELIMINARY STATEMENT ....................................................................1

ARGUMENT..................................................................................................1

    I.  STANDARD OF REVIEW .....................................................................1

    II.  FED. R. CIV. P. 23..............................................................................2

        a.  FED. R. CIV. P. 23(a) ...................................................................3

        b.  FED. R. CIV. P. 23 (b)(3).............................................................3

        C.  THE R&R'S RATIONALE OVERLOOKS THE FACT PLAINTIFF
            CANNOT ESTABLISH HIS CLASS-WIDE BURDEN OF PROOF WITH
            REGARD TO WHETHER EACH PROPOSED CLASS MEMBER
            INCURRED A DEBT................................................................4

CONCLUSION ............................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997)....................................................................................3

*Augusta v. Block By Block, LLC*,
  2013 WL 375119, at *1 (D. Haw. Jan. 30, 2013) ......................................2

*Bloom v. I.C. Sys., Inc.*,
  972 F.2d 1067 (9th Cir. 1992)....................................................................5

*Cimino v. Raymark Indus., Inc.*,
  151 F.3d 297 (5th Cir. 1998)......................................................................7

*Dawson v. Marshall*,
  561 F.3d 930 (9th Cir. 2009)......................................................................1

*Diacakis v. Comcast Corp.*,
  2013 WL 1878921, at *5 (N.D. Cal. May 3, 2013) ...................................3

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804 (2011)....................................................................................4

*Espenscheid v. DirectSat USA, LLC*,
  705 F.3d 770 (7th Cir. 2013)......................................................................7

Flores v. Rawlings, Co.,
  117 Hawai'I 153 (HI 2008)........................................................................4

*Freeman v. DirecTV, Inc.*,
  457 F.3d 1001 (9th Cir. 2006)....................................................................2

*Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*,
  446 U.S. 318 (1980)....................................................................................3

*Hilao v. Estate of Marcos*,
  103 F.3d 767 (9th Cir. 1996)......................................................................6

*Luiken v. Domino's Pizza, LLC*,
  705 F.3d 370 (8th Cir. 2013)......................................................................7

*Moskowitz v. Am. Sav. Bank, F.S.B.*,
  2017 WL 6596582, at *1 (D. Haw. Dec. 26, 2017) ...................................2

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ................................................................2

*Siles v. ILGWU Nat. Ret. Fund*,
   783 F.2d 923 (9th Cir. 1986) ................................................................3

*Slenk v. Transworld Sys., Inc.*,
   236 F.3d 1072 (9th Cir. 2001) ..............................................................5

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ..............................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................2, 5, 10

## Rules

Fed. R. Civ. P. 23 ..........................................................................passim

Fed. R. Civ. P. 50 ...............................................................................7

Fed. R. Civ. P. 72 ...............................................................................1

## Statutes

28 U.S.C. § 636 ................................................................................

## PRELIMINARY STATEMENT

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Court's

Report and Recommendation (Doc. 34), Defendant DNF Associates LLC

("Defendant") submits the following objection to Magistrate Judge Kenneth J.

Mansfield's November 23, 2020 Findings and Recommendation To Grant Plaintiff's

Motion To Certify A Class And Appoint Class Counsel ("R&R"). (Doc. 92).

Defendant objects to the portion of the R&R that incorrectly determined that Plaintiff

Ronal Viernes' ("Plaintiff") motion for class certification sufficiently established

numerosity or predominance, and that a class is the superior method of adjudicating

the claims at issue.

## ARGUMENT

### I.   Standard of Review

In reviewing a R&R, the District Court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C.A. § 636 (b)(1)(c).   Parties may raise specific written objections to the

report and recommendation within 14 days of being served with a copy of the R&R.

*Id.*; Fed. R. Civ. P. 72(b)(2); Local Rule 74.2. When a timely objection has been

made to an R&R, the District Court Judge must make a *de novo* determination of

any portion of the Magistrate Judge's disposition to which specific written objection

has been made. Fed. R. Civ. P. 72(b); Local Rule 74.2; *Dawson v. Marshall*, 561

F.3d 930, 933 (9th Cir. 2009); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017 WL

6596582, at *1 (D. Haw. Dec. 26, 2017); *Augusta v. Block By Block, LLC*, 2013 WL

375119, at *1 (D. Haw. Jan. 30, 2013). Stated another way, the Court must arrive at

its own independent conclusion about those portions of a magistrate's report to

which objection has been made. *See Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004

(9th Cir. 2006); *Augusta*, 2013 WL 375119, at *1.

## II.   Fed. R. Civ. P. 23

Pursuant to Fed. R. Civ. P. 23(a), "a party seeking certification of a class or

subclass must satisfy four requirements: (1) numerosity; (2) commonality; (3)

typicality; and (4) adequacy of representation." *Parsons v. Ryan*, 754 F.3d 657, 674

(9th Cir. 2014). Defendant's objection is based on two provisions of the federal rule

governing class action complaints: (1) Fed. R. Civ. P. 23(a); and (2) Fed. R. Civ. P.

23(b)(3). "A party seeking class certification must affirmatively demonstrate his

compliance with the Rule—that is, he must be prepared to prove that there are *in*

*fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*

*Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). "Similarly a

party must affirmatively prove that he complies with one of the three subsections of

Rule 23(b)." *Parsons*, 754 F.3d at 674.

a.      *Fed. R. Civ. P. 23(a)*

"The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980). "The failure to present evidence to show numerosity precludes class certification." *Diacakis v. Comcast Corp.*, 2013 WL 1878921, at *5 (N.D. Cal. May 3, 2013); *Siles v. ILGWU Nat. Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986).

b.      *Fed. R. Civ. P. 23(b)(3)*

Pursuant to Fed. R. Civ. P. 23(b)(3), "a class may be certified if the district court 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Diacakis*, 2013 WL 1878921, at *5.

"There are two components to Rule 23(b)(3): predominance and superiority." *Id*. The predominance inquiry tests whether proposed classes "are sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). As noted by the R&R, the superiority test of Rule 23(b)(3) "requires the Court to find that a class action is superior to other methods of adjudication." (Doc. 92, p. 28).

3

c.      *The R&R's rationale overlooks the fact Plaintiff cannot establish his class-wide burden of proof with regard to whether each proposed class member incurred a "debt"*

The R&R's determination that a class should be certified with regard to

numerosity and predominance is based on the nearly identical analysis of one issue

– that Plaintiff has done enough, based on common sense and reasonable inferences,

to demonstrate that the proposed class members incurred "debts" as defined by the

Fair Debt Collection Practices Act ("FDCPA") or HRS § 443B. (Doc. 92, p. 13).

"Considering whether 'questions of law or fact common to class members

predominate' begins, of course, with the elements of the underlying cause of action."

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). A threshold

issue in action alleging a violation of the FDCPA or HRS § 443B is whether a

defendant collected or attempted to collect a "debt" as that word is defined by the

statutes. *See Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004); *Flores v.*

*Rawlings Co.*, 117 Hawai'i 153, 160 (HI 2008).

In evaluating whether Plaintiff's proposed classes satisfy Fed. R. Civ. P.

23(a)(1) and Fed. R. Civ. P. 23(b)(3), Plaintiff bears the burden to demonstrate that

DNF attempted to collect a "debt" from each proposed class member. As stated in

the R&R, "[g]iven the FDCPA's limits on the type of det covered under the act, DNF

is entitled to assurance through reasonable proof that only individuals with

qualifying debt are confirmed as class members." (Doc. 92, p. 9).

4

In support of his motion for class certification, Plaintiff does submit a list identifying certain lawsuits, but it goes no further. Plaintiff offered insufficient evidence to show that each involved an attempt to collect a "debt." Plaintiff did not subpoena a representative from the original creditor for records or deposition testimony. Outside of compiling the list of lawsuits, Plaintiff did not seek or obtain any evidence in discovery to prove each class member incurred a "debt," which is required to sustain a claim pursuant to the FDCPA or HRS § 443B.[1] To that end, Plaintiff does not address this point at all in his motion for class certification. The R&R discounts this shortcoming, and in doing so, incorrectly placed the burden onto Defendant to demonstrate that each of the proposed class members did not incur a "debt." For example, the R&R states:

> There is no evidence in this case that the State Complaints are related to anything other than a consensual consumer transaction involving consumer goods.

(Doc. 92, p.12). Later, the R&R further posits that:

> The Court cannot conceive, however, nor does the Defendant assist in this regard, of a type of transaction other than a "consensual consumer transaction" from which these debts could have arisen.

---

[1] The threshold issue in a FDCPA case is whether a debt was incurred for personal, family, or household purposes. *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992).

(Doc. 92, p. 13). Simply put, the R&R excused Plaintiff's failure to submit sufficient evidence that any of the other proposed class members' lawsuits concern a "debt," and as a result, it incorrectly determined Plaintiff has met his burden in establishing that the proposed classes meet the requirements of Fed. R. Civ. P. 23(a)(1) and Fed. R. Civ. P. 23(b)(3).

Moreover, the posture of this lawsuit makes clear that decertification is inevitable, so that proceeding on a class basis cannot logically be superior to individual claims. The Court has previously denied Defendant's motion for summary judgment. (Doc. 51). Plaintiff did not file a motion for summary judgment and his time to do so has passed. As a result, the issue of liability will be decided at trial by a jury.

Plaintiff's motion for class certification misstates his burden at such a trial. Specifically, he argues that "because the class is limited to debt collections that are similar or identical to the debt-collection action pursued against Plaintiff, the Court will only need to decide liability <u>with regard to one set of facts</u>." (Doc. 60, p. 12.) (emphasis added). Plaintiff's understanding of his burden at trial on a class-wide basis is an explicit misapplication of the law.

Plaintiff bears the burden of demonstrating liability for each member of the class through the use of common evidence. *See, e.g.*, *Hilao v. Estate of Marcos*, 103 F.3d 767, 785 (9th Cir. 1996). It would defy logic to permit plaintiffs to band

together and bring a collective lawsuit without still having to prove that the defendant is liable to each of them at a trial. In fact, class certification is improper where a party is stripped of its entitlement to litigate statutory defenses or rights with regard to individual claims. *See, e.g.*, *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 373 (8th Cir. 2013); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 776 (7th Cir. 2013); *Wal-Mart Stores, Inc*, 564 U.S. at 367 (2011); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 312 (5th Cir. 1998).

The R&R acknowledges the above, stating that "further particularized inquiry into each debt is not necessary at this stage of the litigation" and that "determining the nature of each class member's debt will be necessary at some stage of litigation[,] but is not inherently a barrier to class certification." (Doc. 92, p. 14; p. 26). However, Plaintiff has not, and cannot point to sufficient evidence in the record to demonstrate each proposed class members' debt was a "debt" as defined by the FDCPA or HRS § 443B, subjecting it to a motion at trial pursuant to Fed. R. Civ. P. 50(a).

If the Court certifies a class and permits the trial to proceed on a "single set of facts," as Plaintiff proposes, it does so directly in contrast to well-established law prohibiting same. If the Court opts against addressing this issue on the merits at the certification stage, it delays the inevitable demise of the proposed class at a trial. As a result, the R&R incorrectly determined that a class action was the superior method of adjudicating these claims.

7

## CONCLUSION

For the reasons stated herein, the Court should not adopt Magistrate Judge

Kenneth J. Mansfield's November 23, 2020 Findings and Recommendation and

deny Plaintiff's motion for class certification in its entirety.

Dated: December 7, 2020

/s Brendan H. Little
Andrew J. Lautenbach
Brendan H. Little, Pro Hac Vice

Attorneys for Defendant
DNF Associates LLC