JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (admitted *pro hac vice*)
JOSHUA TARRANT-WINDT (admitted *pro hac vice*)
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Telephone: (212) 248-7906
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiff*
Ronald Viernes

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DNF ASSOCIATES, LLC,<br><br>Defendant. | Case No:  1:19-cv-00316 JMS-KJM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE KENNETH J. MANSFIELD TO GRANT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Trial: May 18, 2021<br><br>Judge: Honorable J. Michael Seabright |

## Table of Contents

*Table of Authorities*.................................................................................... *ii*

*Response in Support of Magistrate Judge Kenneth J. Mansfield's Findings and Recommendation to Grant Plaintiff's Motion for Class Certification* ..................... *1*

   I.   Standard of Review........................................................................1

   II.  Magistrate Judge Mansfield Correctly Found That Plaintiff Had Met His Burden of Proving Numerosity and Predominance................................2

   III. Judge Mansfield Correctly Found that a Class Action was a Superior Method of Resolving this Dispute .........................................................7

*Conclusion* ....................................................................................*10*

# Table of Authorities

**Page(s)**

## Cases

*Blackie v. Barrack*,
    524 F.2d 891 (9th Cir. 1975) .................................................................9

*Brown v. Taylor*,
    No. CV 16-00649 JMS-RLP, 2017 WL 3705800 (D. Haw. Aug.
    28, 2017) ...........................................................................................2

*Californians for Disability Rights, Inc. v. California Dep't of Transp.*,
    249 F.R.D. 334 (N.D. Cal. 2008).........................................................5

*Cynthia Darrington v. Assessment Recovery of Washington, LLC*,
    No. C13-0286-JCC, 2013 WL 12107633 (W.D. Wash. Nov. 13,
    2013) ..................................................................................................3

*Dina v. Cuda & Assocs.*,
    950 F. Supp. 2d 396 (D. Conn. 2013).................................................6

*Gold v. Midland Credit Mgmt., Inc.*,
    306 F.R.D. 623 (N.D. Cal. 2014).........................................................7

*Goodman v. Asset Acceptance LLC*,
    428 F. Supp. 3d 526 (D. Colo. 2019)..................................................6

*H. v. Dep't of Educ.*,
    No. CV 14-00143 ACK-KSC, 2016 WL 4522177 (D. Haw. Aug.
    29, 2016) ...........................................................................................2

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) ....................................................3

*Hayden v. United States*,
    147 F. Supp. 3d 1125 (D. Or. 2015) ...................................................2

*Laventhol, Krekstein, Horwath & Horwath v. Horwitch*,
    637 F.2d 672 (9th Cir. 1980) .................................................................9

*Lee v. Pep Boys-Manny Moe & Jack of California*,
No. 12-CV-05064-JSC, 2015 WL 9480475 (N.D. Cal. Dec. 23, 2015) ..................................................................................................6

*Swanson v. Comm'r of Soc. Sec. Admin.*,
274 F. Supp. 3d 932 (D. Ariz. 2017) .....................................................2

*West v. California Servs. Bureau, Inc.*,
323 F.R.D. 295 (N.D. Cal. 2017)..........................................................5

*Willcox v. Lloyds TSB Bank*,
No. 13-00508 ACK-RLP, 2016 WL 4374943 (D. Haw. Aug. 15, 2016) ..................................................................................................9

**Statutes**

28 U.S.C. § 636(b)(1)...................................................................................1

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* .......................*passim*

Haw. Rev. Stat. § 443B-1 ............................................................................2

**Other Authorities**

Fed. R. Civ. P. 72(b)(3)................................................................................1

Fed. R. Civ. P. 23 .......................................................................................7

**Response in Support of Magistrate Judge Kenneth J. Mansfield's Findings
and Recommendation to Grant Plaintiff's Motion for Class Certification**

Defendant DNF Associates, LLC ("Defendant" or "DNF") objects to Judge
Mansfield's thorough and well-reasoned Findings and Recommendation ("F&R")
granting Plaintiff Ronald Viernes's ("Plaintiff" or "Viernes") motion for class
certification. Defendant's various objections all concern the same issues: (1)
whether Plaintiff provided sufficient proof that the potential class members
incurred debts protected by the Fair Debt Collection Practices Act ("FDCPA") and
Hawaii law and (2) whether the existence of a dispute on this issue prevents class
certification in this case. The F&R correctly found in the affirmative as to the first
issue and the negative as to the second issue.

## I.       Standard of Review

When a party objects to a Magistrate Judge's findings and recommendation,
the District Judge is required to conduct a de novo review of the contested
portions.[1] A District Judge "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."[2] Those portions of
the findings and recommendation to which a party does not object are reviewed

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).
[2] 28 U.S.C. § 636(b)(1).

1

only for clear error.[3] In reviewing findings and recommendation, the District Judge

"may also consider the record developed before the magistrate judge."[4]

## II. Magistrate Judge Mansfield Correctly Found That Plaintiff Had Met His Burden of Proving Numerosity and Predominance

Defendant's objections to the numerosity and predominance findings in the

F&R are based entirely on its contention that Plaintiff failed to meet his burden of

establishing that the debts at issue are protected by the FDCPA and Hawaii Law

and that the F&R improperly shifted the burden of proof onto Defendant. Neither

objection is accurate.

A "debt" is only subject to the protections of the FDCPA and Hawaii law if

it is incurred "primarily for personal, family, or household purposes."[5] The F&R

noted that Defendant "is entitled to assurance through reasonable proof that only

individuals with qualifying debt are confirmed as class members."[6] However, "as

many other courts have determined in considering class certification under the

---

[3] *Brown v. Taylor*, No. CV 16-00649 JMS-RLP, 2017 WL 3705800, at *3 (D. Haw. Aug. 28, 2017); *Swanson v. Comm'r of Soc. Sec. Admin.*, 274 F. Supp. 3d 932, 936 (D. Ariz. 2017); *Hayden v. United States*, 147 F. Supp. 3d 1125, 1127 (D. Or. 2015).

[4] *H. v. Dep't of Educ.*, No. CV 14-00143 ACK-KSC, 2016 WL 4522177, at *3 (D. Haw. Aug. 29, 2016).

[5] 15 U.S.C. § 1692(a)(5); Haw. Rev. Stat. § 443B-1.

[6] F&R at 9.

2

FDCPA, the mere fact that the exact type of debt cannot be isolated 'is not enough to thwart class certification.'"[7]

To begin with, the F&R properly rejected Defendant's call for an intensive factual inquiry into the nature of each potential class members' debt. The nature of the debt at issue does not pose an obstacle to class certification even if there are possible variations between class members.[8] Defendant's objections on this front are therefore beside the point for the most part; even if there were doubts about the nature of the debt, that should not bar certification.[9]

Any factual inquiry of the sort that Defendant proposes would still support the F&R's finding that Plaintiff met his burden of establishing that the debts are consumer in nature. This class action is based on 110 collection lawsuits Defendant filed in the State of Hawaii. The F&R concluded that Plaintiff "provide[d]

---

[7] F&R at 9 (quoting *Gold v. Midland Credit Mgmt., Inc.*, 306 F.R.D. 623, 631 (N.D. Cal. 2014)).

[8] *See* F&R at 10 ("Numerous federal courts throughout the country have rejected arguments like Defendant's and have certified consumer class actions under the FDCPA without conducting the factual inquiry Defendant promotes."); *see also Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 416 (W.D. Wash. 2003) ("[U]nder the FDCPA courts have found that determining whether an obligation was incurred for personal or business purposes is not, alone, a reason to preclude certification."); *Cynthia Darrington v. Assessment Recovery of Washington, LLC*, No. C13-0286-JCC, 2013 WL 12107633, at *6 (W.D. Wash. Nov. 13, 2013) ("While technically an 'individual' inquiry, the need to determine the nature of the debts at issue does not undermine the Court's predominance ruling with regard to the FDCPA or state-law consumer claims.").

[9] Defendant ignored this substantial body of precedent in its opposition to class certification and ignores it again in its objections to the F&R.

3

sufficient facts for this Court to infer that Defendant sought to collect debt incurred primarily for personal, household, and family purposes from the individuals listed in the State Court Complaints."[10] The F&R identified a solid causal chain of evidence to support this conclusion: (1) Defendant is admittedly a debt collector, claiming to be "a purchaser of debts from original creditors"[11]; (2) in the collection lawsuits at issue, Defendant presented itself as successor in interest to Kay Jewelers[12]; and (3) Kay Jewelers is a "widely known jewelry chain that sells jewelry to consumers."[13]

The Hawaii collection lawsuits are not the only evidence that Plaintiff provided in support of his contention that the debts at issue are consumer debts, even if they would be sufficient on their own. Plaintiff provided evidence from Defendant's own financial records that it only purchases consumer debts.[14] Moreover, Defendant has represented to no less an authority than the United States

---

[10] F&R at 14.

[11] *Id.* at 13.

[12] *Id.* In a small handful of the 110 lawsuits Plaintiff has identified, Defendant presented itself as successor in interest to other retail jewelry stores such as Jared and Weisfeld that share the same parent company as Kay Jewelers. *See* Exhibit C to the Declaration of Justin A. Brackett, dated October 2, 2020 ("Brackett Reply Decl."), at 5 (Dkt. 80-4).

[13] F&R at 13.

[14] Those records were filed under seal pursuant to the protective order entered in this case. *See* Order Granting Plaintiff's Motion to Seal, dated October 5, 2020 (Dkt. 84); Sealed Documents (Dkt. 85).

Supreme Court that it is "a passive debt buyer that purchases defaulted consumer debts – *i.e.*, accounts on which a consumer has stopped paying the debt owed."[15]

Plaintiff provided further evidence that the debts at issue are consumer debts in the form of filings with the Securities and Exchange Commission by the parent company of Kay Jewelers.[16] Those filings describe Kay Jewelers as "the largest specialty retail jewelry brand in the US based on sales" and a retail jewelry business that "targets a mid-market jewelry customer."[17]

As the F&R noted, it is permitted to use "common sense" and "reasonable inferences" to determine whether the nature of the debt poses an obstacle to class certification.[18] The F&R's conclusion that debt arising out of purchases at a retail jewelry store is almost certainly consumer debt is a straightforward application of this principle and consistent with the decisions of other courts.[19]

---

[15] Exhibit A to the Declaration of Andrew J. Lautenbach, dated October 2, 2020, at 9 (Dkt. 79-3).

[16] For this reason, Defendant's claim that Plaintiff lacks any evidence from the original creditor that these debts are consumer in nature is wrong. Defendant's Objections to the Findings and Recommendation Granting Plaintiff's Motion for Class Certification ("Def. Mem."), dated December 7, 2020, at 5.

[17] Brackett Reply Decl., Ex. C at 14.

[18] F&R at 13; *see also West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295, 305 (N.D. Cal. 2017) (courts may apply "common sense assumptions and reasonable inferences" to determine whether numerosity is satisfied (internal quotation marks and citation omitted)); *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 347 (N.D. Cal. 2008) ("A court may make common sense assumptions to support a finding that joinder would be impracticable.").

[19] *See* F&R at 13 ("Even if this Court were to accept Defendant's argument at the hearing that some of the underlying transactions could have been purchased by a

The F&R found it significant that Defendant failed to present any evidence to counter that provided by Plaintiff. Although Defendant presents this as somehow flipping the burden of proof, it in fact represents Defendant's failure to push back against Plaintiff's evidence.

Significantly, Defendant relied heavily on *Lee v. Pep Boys-Manny Moe & Jack of California*,[20] to support its argument that uncertainty as to the nature of the debt could prevent certification. But as the F&R explained, *Lee* is distinguishable because that decision "found persuasive the testimony from the defendant's staff indicating that the letters at issue were sent to persons who stole merchandise, shoplifted, or engaged in other dishonest conduct — *i.e.*, conduct that would not qualify as a 'consensual consumer transaction,'"[21] whereas "[t]here is no evidence in this case that the State Complaints are related to anything other than a consensual consumer transaction involving consumer goods."[22] In drawing this contrast, the F&R effectively adopted the reasoning of *Gold v. Midland Credit*

---

consumer for commercial purposes, common sense dictates that such a transaction would be an anomaly rather than the norm given the parties and facts in this case."); *see also Goodman v. Asset Acceptance LLC*, 428 F. Supp. 3d 526, 531 (D. Colo. 2019) (jewelry purchase permitted inference that debt was consumer for purposes of the FDCPA); *Dina v. Cuda & Assocs.*, 950 F. Supp. 2d 396, 401 (D. Conn. 2013) (debt accrued from jewelry was consumer debt under FDCPA).
[20] *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL 9480475 (N.D. Cal. Dec. 23, 2015).
[21] F&R at 12 (quoting *Lee*, 2015 WL 9480475, at *6).
[22] *Id.*

*Management, Inc.*, in which the defendant failed to present sufficient evidence to rebut the plaintiff's evidence that a sufficient number of class members incurred a debt "primarily for personal, family, or household purposes."[23] Unsurprisingly, Defendant omits this context from its wayward criticism of the F&R.

The F&R correctly found that Plaintiff satisfied the numerosity and predominance requirements of Rule 23. Plaintiff provided sufficient evidence to support the reasonable inference that the debts at issue are consumer debts and, in any case, a dispute about the nature of the debt is not enough on its own to counsel against class certification.

### III. Judge Mansfield Correctly Found that a Class Action was a Superior Method of Resolving this Dispute

The F&R found that a class action provides a superior method of adjudication. In doing so, the F&R relied upon binding precedent promoting class actions as an important means of vindicating consumer protection laws, especially in the specific context of the FDCPA.[24] Nevertheless, Defendant contends that the F&R misapplied Rule 23(b)'s superiority analysis because "the posture of this lawsuit" renders decertification "inevitable."[25]

---

[23] *Gold*, 306 F.R.D. at 631.

[24] F&R at 28-29.

[25] Def. Mem. at 6. Defendant also accuses Plaintiff of misstating the burden of proof at an eventual trial. However, Defendant concedes that the F&R applied the correct burden of proof. *See* Def. Mem. at 7.

7

Defendant claims Plaintiff cannot prove liability at trial because he cannot provide evidence that each class member had a consumer debt.[26] In other words, Defendant recycles the same argument it used to dispute numerosity and predominance and turns it into an argument against superiority. This effort also fails.

First, as noted earlier and as stated in the F&R, Plaintiff provided a substantial body of evidence to support the conclusion that each of the lawsuits at issue here involved a consumer debt. Defendant makes many broad, conclusory statements about what Plaintiff can and cannot prove but never grapples with the actual evidence Plaintiff put forward and the F&R considered.

Second, Defendant offers no support for its claim that the "posture" of this case in any way changes the appropriate standard for class certification. Defendant's position appears to be that class liability can never be determined at trial and, since Plaintiff is not going to move for summary judgment on liability, liability must therefore be decided at the class certification stage.[27] This position is

---

[26] *Id.* at 7.

[27] *See* Def. Mem. at 6-7 ("It would defy logic to permit plaintiffs to band together and bring a collective lawsuit without still having to prove that the defendant is liable to each of them at a trial.").

contrary to the weight of authority permitting class trials on liability.[28] It is therefore not surprising that Defendant fails to provide any authority in support.[29]

Defendant's criticism of the F&R's superiority analysis merely restates its position that the nature of the debt requires an individualized determination such that class certification is improper. As the F&R cogently explains, however, disputes about the nature of the debt are not sufficient to defeat class certification and, in any case, Plaintiff has provided sufficient evidence showing that the debts at issue are consumer in nature.

---

[28] *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975) (holding that trial judge's decision to certify class "cannot be faulted because plaintiffs' proof may fail at trial" so long as the court "has sufficient material before him to determine the nature of the allegations, and rule on compliance with the Rule's requirements, and he bases his ruling on that material"); *see also Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 677 (9th Cir. 1980) (ordering remand for trial of, inter alia, any issue "bearing on the liability of the appellants to the plaintiff class"); *Willcox v. Lloyds TSB Bank*, No. 13-00508 ACK-RLP, 2016 WL 4374943, at *3 (D. Haw. Aug. 15, 2016) (noting that "proof of liability" in class trial "is straightforward and achievable through common evidence").

[29] Defendant's concern about loss "of its entitlement to litigate statutory defenses or rights with regard to individual claims," Def. Mem. at 7, would be more compelling if it managed to identify any such defense or right that is being lost through class certification.

## Conclusion

This Court should reject Defendant's objections and adopt Magistrate Judge Mansfield's F&R in its entirety.

Dated: December 21, 2020, Honolulu, Hawaii.

/s/ *Justin A. Brackett*
Justin A. Brackett
Attorney for Plaintiff
