IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated,<br><br>              Plaintiffs,<br><br>  vs.<br><br>DNF ASSOCIATES, LLC,<br><br>             Defendant. | Civ. No. 19-00316 JMS-KJM<br><br>ORDER OVERRULING OBJECTION AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO CERTIFY A CLASS AND APPOINT CLASS COUNSEL |

## ORDER OVERRULING OBJECTION AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO CERTIFY A CLASS AND APPOINT CLASS COUNSEL

Defendant DNF Associates, LLC ("Defendant" or "DNF") objects under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and Local Rule 74.1 to Magistrate Judge Kenneth Mansfield's November 23, 2020 Findings and Recommendation to Grant Plaintiff Ronald Viernes' ("Plaintiff" or "Viernes") Motion to Certify a Class and Appoint Class Counsel, ECF No. 92 (the "November 23, 2020 F&R"). The objection is OVERRULED, and the November 23, 2020 F&R is ADOPTED in full.

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which

1

the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). That is, "[t]he district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record." *Naehu v. Read*, 2017 WL 1162180, at *3 (D. Haw. Mar. 28, 2017) (citations omitted). Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006). It is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

    Here,[1] Defendant objects only in limited fashion, challenging the November 23, 2020 F&R's finding that Plaintiff met his burden to establish that

---

[1] The court incorporates the November 23, 2020 F&R's detailed description of the action and standard for certifying class actions, ECF No. 92 at PageID ## 1268-1274, and proceeds directly to Defendant's Objection.

the proposed class members incurred "debts" for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and Hawaii Revised Statutes ("HRS") § 443B-18.  Under this regime, a "debt" must be "primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5); HRS § 448B-1.  Defendant contends that there is insufficient evidence in the record to satisfy a requirement that each proposed class member's "debt" falls within those definitions.  ECF No. 93 at PageID # 1310.  And if that is true, it will likely affect the class certification analysis under Federal Rules of Civil Procedure 23(a)(1) (numerosity) and 23(b)(3) (predominance and superiority).

But it is not true.  After de novo review, the court easily concludes—considering the evidence, reasonable inferences from that evidence, and common sense—that Plaintiff satisfied his burden at this stage to demonstrate that this action involves debt that is "primarily for personal, family, or household purposes."  The burden was not shifted to Defendants to demonstrate otherwise.

It appears undisputed that Defendant, a debt collector (which was apparently not registered to do business in Hawaii), only purchases "defaulted consumer receivables."  *See* ECF No. 85-1 at PageID # 1243.  Defendant does not dispute that Plaintiff has evidence of 110 individual collection lawsuits—purported class members—filed by DNF on behalf of Kay Jewelers or a successor in interest

3

to Kay Jewelers (or a related retailer such as Jared).  *See* ECF Nos. 80-2, 80-3, 80-8.  As best the court can tell, none of those lawsuits is against companies that might be in the business of reselling jewelry or other Kay Jeweler merchandise; all appear to be against individuals for specific amounts typical of jewelry purchases.  It is also undisputed that Kay Jewelers is a "widely known jewelry chain that sells jewelry to consumers."  ECF No. 94 at PageID # 1319.  Defendant represents that it is "a passive debt buyer that purchases defaulted consumer debts—*i.e.*, accounts on which a consumer has stopped paying the debt owed."  ECF No. 79-3 at PageID # 710.  According to a filing in the record with the Securities and Exchange Commission from the parent company of Kay Jewelers (Signet Jewels Limited), Kay Jewelers is "the largest specialty retail jewelry store brand in the US based on sales," that "targets a mid-market jewelry customer."  ECF No. 80-4 at PageID # 1047.

As the November 23, 2020 F&R stated, "DNF is entitled to assurance through reasonable proof that only individuals with qualifying debt are confirmed as class members."  ECF No. 92 at PageID # 1276.  Ample authority (which this court agrees with), however, allows a court to certify a class based upon this level of evidence, even if some further showing might still need to be made.  *See, e.g.*, *Gold v. Midland Credit Mgmt., Inc.*, 306 F.R.D. 623, 629 (N.D. Cal. 2014); *Butto*

4

*v. Collecto Inc.*, 290 F.R.D. 372, 393 (E.D.N.Y. 2013) (citing cases); *Macarz v. Transworld Sys., Inc.*, 193 F.R.D. 46, 57 (D. Conn. 2000). This is not a situation where "each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually," so as to render a class action not a "superior" method of proceeding under Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

Finally, the court has analyzed the other aspects (to which no objection was made) of the November 23, 2020 F&R and finds no clear error. *See Naehu*, 2017 WL 1162180 at *3 ("[t]he district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record."). Indeed, the court agrees fully with its analysis.

Accordingly, the court OVERRULES Defendant's objection, ECF No. 93, and ADOPTS in full the November 23, 2020 Findings and Recommendation of Magistrate Judge Kenneth Mansfield. ECF No. 92. As recommended by Judge Mansfield, *id.* at PageID ## 1297-98, the court concludes as follows:

5

(1) Plaintiff's Motion to Certify a Class, ECF No. 60, is GRANTED as to Plaintiff's proposed FDCPA Class and Hawaii Class. The classes are defined as follows:

FDCPA Class

(a) All Hawaii residents;
(b) who were subjected to debt collection lawsuits by DNF;
(c) while DNF was unlicensed as a debt collector in Hawaii;
(d) to collect a "debt" as defined by the FDCPA;
(e) that DNF bought while the debt was in default; and
(f) where the collection lawsuit, letters, or calls occurred within the one (1) year period immediately preceding the filing of this complaint.

Hawaii Class

(a) All Hawaii "consumers" as defined by H.R.S. § 480-1;
(b) who were subjected to debt collection lawsuits by DNF;
(c) while DNF was unlicensed as a debt collector in Hawaii;
(d) to collect a "debt" as defined by H.R.S. § 443B-1;
(e) where DNF was assigned the debt; and
(f) where the collection lawsuit commenced within the four (4) year period immediately preceding the filing of this complaint.

*See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).");

(2) Plaintiff Ronald Viernes is appointed as class representative to proceed on behalf of both foregoing classes for Defendant's alleged violations of

6

the FDCPA and Hawaii's law governing collection agencies, *i.e.*, HRS §§ 480-1 and 443B-1; and

(3) Justin A. Brackett, Esq., and Brian L. Bromberg, Esq., are appointed as class counsel under Federal Rule of Civil Procedure 23(g).

IT IS SO ORDERED.

DATED:  Honolulu Hawaii, January 22, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Viernes v. DNF Assocs. LLV*, Civ. No. 19-00316 JMS-KJM, Order Overruling Objections and Adopting Findings and Recommendation to Grant Plaintiff's Motion to Certify a Class and Appoint Class Counsel