JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (Admitted *Pro Hac Vice*)
JOSHUA TARRANT-WINDT (Admitted *Pro Hac Vice*)
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiff*
Ronald Viernes

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DNF ASSOCIATES, LLC,<br><br>Defendant. | Case No:  1:19-cv-00316 JMS-KJM<br><br>**PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY**<br><br>Trial: January 11, 2022<br><br>Judge: Honorable J. Michael Seabright |

In accordance with Fed. R. Civ. P. 6(b), Plaintiff moves to re-open discovery for the limited purpose of obtaining information about the current net worth of Defendant DNF Associates, LLC ("DNF"). There is good cause to re-open discovery because DNF produced new financial figures after the close of discovery and its net worth affects the available damages under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff anticipates that all necessary discovery could be completed within 60 days of re-opening discovery. DNF does not consent to this request. This motion is made following the conference of counsel pursuant to LR7.8 which took place on August 3, 2021.

**Plaintiff's Memorandum of Law in Support of
Motion to Re-Open Discovery into DNF's Net Worth**

Discovery in this case closed on October 27, 2020. During the discovery period, DNF produced audited financial statements as evidence of its net worth through December 31, 2019.[1] 

On June 7, 2021, more than seven months after the close of discovery,

---

[1] DNF's audited financials have been designated "For Attorneys' Eyes Only" pursuant to the Stipulated Discovery Confidentiality Order, dated August 17, 2020 (Dkt. 73) and Plaintiff has therefore separately filed a motion to seal this information.

2

DNF produced new audited financials for the period through December 31, 2020.



Such discovery would be limited to a small number of documents requests and interrogatories and possibly the deposition of a corporate representative under Fed. R. Civ. P. 30(b)(6), entirely focused on DNF's net worth for 2020 and 2021.

Courts routinely re-open discovery to allow for updated damages information. *See JGX, Inc. v. Handlery*, No. 17-CV-00287-BLF, 2019 WL 9573761, at *2 (N.D. Cal. Nov. 25, 2019) (re-opening discovery related to new

3

information contained in supplemental disclosures); *De Jesus Pineda v. Ratliff*, No. 3:18-CV-01630-SB, 2019 WL 6257739, at *2 (D. Or. Nov. 22, 2019) (re-opening "fact discovery to allow limited discovery into [defendant's] financial status"); *Nolan v. City of Los Angeles*, No. CV0302190GAFAJWX, 2009 WL 10655612, at *2 (C.D. Cal. Dec. 10, 2009) (re-opening discovery where plaintiffs, post-discovery, alleged a "drastic increase in estimated damages"); *Neilson v. Beck*, No. CIV. 94-520-FR, 1997 WL 136528, at *1 (D. Or. Mar. 20, 1997) (re-opening discovery as to damages because "enough time has passed . . . that evidence concerning damages may have changed").

Under Fed. R. Civ. P. 16(b)(4), discovery may be re-opened upon a showing of "good cause." "Under Rule 16, motions to reopen discovery are granted or denied at the sound discretion of the trial court." *Party Animal Inc. v. Evanger's Dog & Cat Food Co.*, No. CV173422PSGFFMX, 2019 WL 10944854, at *5 (C.D. Cal. Mar. 5, 2019). Courts typically consider the following factors: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, and (5) whether additional discovery was foreseeable or likely to lead to relevant evidence." *Id.* Almost all of these factors weigh in favor of granting the motion.[2]

---

[2] DNF opposes this motion but the other four factors outweigh this consideration.

First, trial is currently scheduled for January 11, 2022, providing more than five months in which to conduct discovery into DNF's net worth. Moreover, the parties have until December 14, 2021 to submit a list of exhibits for use at trial and until December 21, 2021 to designate deposition excerpts for use at trial. Any supplemental discovery into DNF's net worth in 2020 and 2021 can be completed well before these deadlines.

Second, there is minimal prejudice to DNF from re-opening discovery. Discovery would be limited to a narrow topic and would not require any delays to the scheduling order. *See De Jesus Pineda*, 2019 WL 6257739, at *2 (no prejudice in re-opening discovery into defendant's financial status where trial was still six months away); *Schagene v. Spencer*, No. 13 CV 333-WQH(RBB), 2018 WL 1210682, at *5 (S.D. Cal. Mar. 8, 2018) (finding little prejudice where re-opened discovery was limited and necessary to "meaningfully assess" damages). ██████████████████████████████████████████████████████████████████

Third, Plaintiff acted diligently during the discovery period. Had the audited financials for 2020 been produced before the close of discovery, Plaintiff would certainly have sought further documents and deposition testimony at the time. Plaintiff is now moving to re-open discovery just two months after receiving

5

the supplemental financial documents and well before any deadlines for the finalization of trial exhibits.

Fourth, it is foreseeable that damages change over time and that such a change may occur during the period between close of discovery and trial. *See De Jesus Pineda*, 2019 WL 6257739, at *2 (re-opening discovery into damages due to delay between close of discovery and trial); *Neilson*, 1997 WL 136528, at *1 (re-opening discovery as to damages because "enough time has passed . . . that evidence concerning damages may have changed"). The ongoing pandemic has also caused a significant delay to trial schedules which has exacerbated the problems associated with the usually much shorter time period between close of discovery and trial.

It is also very likely that discovery will lead to relevant evidence because Defendant's net worth will affect the damages recoverable under the FDCPA. Statutory class damages under the FDCPA are capped at the lesser of 1% of the defendant's net worth or $500,000.00. 15 U.S.C. § 1692k. ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ ██████████████

For the above reasons, Plaintiff respectfully requests that the Court grant

6

the motion to re-open discovery into DNF's net worth for 2020 and 2021.

Dated: August 10, 2021

    /s/ *Brian L. Bromberg*
    Brian L. Bromberg
    Attorney for Plaintiff