JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Ave.
Honolulu, HI 96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (Admitted *Pro Hac Vice*)
JOSHUA TARRANT-WINDT (Admitted *Pro Hac Vice*)
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Email: brian@bromberglawoffice.com

Attorneys for Plaintiff
RONALD VIERNES

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DNF ASSOCIATES, LLC.,<br><br>　　　　　　Defendant. | CIVIL NO. 1:19-CV-316 JMS-KJM<br><br>DECLARATION OF PLAINTIFF'S ATTORNEY, BRIAN L. BROMBERG, IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO SERVE THE CLASS NOTICE |

1

# DECLARATION OF PLAINTIFF'S ATTORNEY, BRIAN L. BROMBERG, IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO SERVE THE CLASS NOTICE

Brian L. Bromberg, an attorney at law, hereby declares under penalties of perjury that the following statements are true to the best of his knowledge, information, and belief:

1. I am an attorney at law licensed to practice in the New York, New Jersey, and California, I am admitted to practice before this Court *pro hac vice*, and am an attorney of record for the Plaintiff in this action.

2. Plaintiff commenced this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., for Defendant's activities in connection with their collection of alleged debts of the Plaintiff.

3. I am submitting this declaration in support of Plaintiff's motion to re-open discovery into Defendant DNF Associates, LLC's net worth for 2020 and 2021.

4. Discovery in this case closed on October 27, 2020.

5. During the discovery period, DNF produced audited financial statements as evidence of its net worth through December 31, 2019.

6. [REDACTED]

██████████████████████████████████████████████████████████

████████████████████████

7. On June 7, 2021, more than seven months after the close of discovery, DNF produced new audited financials for the period through December 31, 2020.

8. ██████████████████████████████████████████████████████████████████████████████████████

9. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10. ██████████████████████████████████████████████████████████████

11. ████████████████████████████████████████████████████████

12. ████████████████████████████████████████████████████████████████████

13. ████████████████████████████████████████████

14. Such discovery would be limited to a small number of documents requests and interrogatories and possibly the deposition of a corporate

representative under Fed. R. Civ. P. 30(b)(6), entirely focused on DNF's net worth for 2020 and 2021.

15. There is good cause to re-open discovery.

16. Trial is currently scheduled for January 11, 2022, providing more than five months in which to conduct discovery into DNF's net worth.

17. The parties have until December 14, 2021 to submit a list of exhibits for use at trial and until December 21, 2021 to designate deposition excerpts for use at trial.

18. Any supplemental discovery into DNF's net worth in 2020 and 2021 can be completed well before these deadlines.

19. There is minimal prejudice to DNF from re-opening discovery. Discovery would be limited to a narrow topic and would not require any delays to the scheduling order.

20. ████████████████████████████████████████████████████████████████████████████████████████████████████████

21. Plaintiff acted diligently during the discovery period.

22. Had the audited financials for 2020 been produced before the close of discovery, we would certainly have sought further documents and deposition testimony at the time.

23. We are now moving to re-open discovery just two months after receiving the supplemental financial documents and well before any deadlines for the finalization of trial exhibits.

24. It is foreseeable that damages change over time and that such a change may occur during the period between close of discovery and trial. The ongoing pandemic has also caused a significant delay to trial schedules which has exacerbated the problems associated with the usually much shorter time period between close of discovery and trial.

25. It is also very likely that discovery will lead to relevant evidence because Defendant's net worth will affect the damages recoverable under the FDCPA.

26. ██████████████████████████████████████████

27. ██████████████████████████████████████████

28. For the above reasons, Plaintiffs respectfully asks that the Court re-open discovery into DNF's net worth for 2020 and 2021.

Dated:   August 10, 2021
         Brooklyn, New York

/s/ Brian L. Bromberg
Brian L. Bromberg