STARN O'TOOLE MARCUS & FISHER
A Law Corporation

ANDREW J. LAUTENBACH 8805-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
Email: *alautenbach@starnlaw.com*

LIPPES MATHIAS WEXLER FRIEDMAN LLP

BRENDAN H. LITTLE (*Pro Hac Vice*)
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Email: *blittle@lippes.com*

Attorneys for Defendant
DNF ASSOCIATES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>DNF ASSOCIATES, LLC,<br><br>        Defendant. | CIVIL NO. 1:19-CV-00316 JMS-KJM<br><br>**DEFENDANT DNF ASSOCIATES, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY [Dkt. 108]; CERTIFICATE OF SERVICE**<br><br>Trial: January 11, 2022<br>Judge: Honorable J. Michael Seabright |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ...................................................................... 1

ARGUMENT ................................................................................................. 3

    I.  STANDARD OF REVIEW ......................................................................... 3

    II.  PLAINTIFF WAS NOT DILIGENT IN
    MOVING TO REOPEN DISCOVERY ............................................................. 4

    III.  THE "REOPENING OF DISCOVERY"
    FACTORS WEIGH AGAINST REOPENING DISCOVERY ............................... 9

        A.  DEFENDANT OPPOSES THE PLAINTIFF'S
        MOTION TO REOPEN DISCOVERY .................................................... 9

        B.  DEFENDANT WOULD BE PREJUDICED IF
        DISCOVERY IS REOPENED .............................................................. 9

        C.  THE NEED FOR ADDITIONAL DISCOVERY
        WAS FORESEEABLE ....................................................................... 10

        D.  REOPENING DISCOVERY WILL NOT
        LEAD TO RELEVANT EVIDENCE ...................................................... 11

CONCLUSION ...........................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Aldan v. World Corp.*,
  267 F.R.D. 346 (D. N. Mar. 1, 2010).......................................................... 5

*Cervantes v. Zimmerman*,
  No. 17-CV-1230-Bas-NLS, 2019 WL 1129154
  (S.D. Cal. Mar. 12, 2019)............................................................................. 5

*City of Pomona v. SQM N. Am. Corp.*,
  866 F.3d 1060 (9th Cir. 2017) ................................................................. 4, 9

*Dimitre v. California State Univ. Employees' Union*,
  No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827 (E.D. Cal. Sept. 25, 2019)
  ............................................................................................................................ 9

*Hill v. Cnty. of Maricopa* ,
  No. CV1802613PHXGMSMTM, 2020 WL 1275749, at *5
  (D. Ariz. Mar. 17, 2020) ...................................................................... 11, 14

*Hughes Aircraft Co. v. U.S. ex rel. Schumer*,
  520 U.S. 939 (1997)...................................................................................... 3

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................... 3, 4, 8

*MiCamp Sols. LLC v. Nat'l Processing LLC*,
  No. CV-19-05468-PHX-MTL, 2021 WL 289661
  (D. Ariz. Jan. 28, 2021)................................................................................ 6

*Navarro v. Eskanos & Adler*,
  No. C 06-02231 WHA, 2006 WL 3533039 (N.D. Cal. Dec. 7, 2006) ..... 5,6

*Ogier v. KC Care, LLC*,
  No. 3:18-CV-00361-YY, 2019 WL 3210089 (D. Or. June 17, 2019)......... 6

*Rants v. WHPacific Inc.*,
  NO. C10-05273 RBL, 2010 WL 4622164 (W.D. Wash. Nov. 4, 2010) . 5, 6

*Sako v. Wells Fargo Bank, Nat. Ass'n.*,
   No. 14CV1034-GPC JMA, 2015 WL 5022326
   (S.D. Cal. Aug. 24, 2015) ............................................................ 6

*San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*,
   No. 16CV96-MMA (KSC), 2017 WL 6344816
   (S.D. Cal. Dec. 12, 2017) ............................................................ 4

*Sanders v. Jackson*,
   209 F.3d 998 (7th Cir. 2000) .................................................... 14

*Schuchardt v. Law Office of Rory W. Clark*,
   No. 15-CV-01329-JSC, 2016 WL 232435 (N.D. Cal. Jan. 20, 2016) ....... 14

*Schwerdt v. Int'l Fidelity Ins. Co.*,
   28 F. App'x. 715 (9th Cir. 2002) ................................................ 6

*Seawell v. Universal Fidelity Corp.*,
   No. CIV.A. 05-479, 2007 WL 1030544 (E.D. Pa. Apr. 2, 2007) ............... 1

*Sheridan v. Reinke*,
   611 F. App'x 381 (9th Cir. 2015) .............................................. 3

*Story v. Midland Funding* LLC,
   No. 3:15-CV-0194-AC, 2016 WL 5868077 (D. Or. Oct. 7, 2016) ............. 5

*Thompson v. KC Care, LLC*,
   No. 3:18-CV-00363YY, 2019 WL 3210088 (D. Or. Jun. 17, 2019) ........... 4

*Tourgeman v. Collins Financial Services, Inc.*,
   No. 08-CV-1392-CAB (NLS); 2015 WL 11613279 (S.D. Cal. May 12, 2015)
   ............................................................................................ 1

*Yeager v. Yeager*,
   No. 2:06 CV-001196JAMEFB, 2009 WL 1159175 (E.D. Cal. Apr. 29, 2009)
   ............................................................................................ 3

*Zivkovic v. S. Cal. Edison Corp.*,
   302 F.3d 1080 (9th Cir. 2002) .................................................... 4

**Federal Rule**

Fed. R. Civ. P. 16(b) ...................................................................... 3

## PRELIMINARY STATEMENT

On June 7, 2021, Defendant provided Plaintiff with its combined financial statements and independent auditor's report for the year ending December 31, 2020. (Dkt. 108-1, ¶ 7). At that time, Plaintiff was already in possession of Defendant's financial statements for 2019. Over two months later, on August 10, 2021, Plaintiff filed a motion to reopen fact discovery limited to Defendant's current financial statements (the "Motion"). (Dkt. 108).

Plaintiff's Motion is entirely premised on the fact that Defendant's 2020 financial statements indicated that its net worth declined from 2019. Although Plaintiff submits that "good cause" exists to amend this Court's Scheduling Order to reopen discovery, in reality, Plaintiff seeks to reopen discovery because the current information concerning Defendant's net worth is detrimental to Plaintiff's position.[1] Indeed, Defendant has provided Plaintiff with its comprehensive audited financial reports, which were professionally and independently prepared, for the years 2019 and 2020. As such, there is nothing more for Plaintiff to discover.

---

[1] A defendant's net worth calculated at the conclusion of the case. *See Tourgeman v. Collins Financial Services, Inc.*, No. 08-CV-1392-CAB (NLS) 2015 WL 11613279 (S.D. Cal. May 12, 2015) ("A defendant's net worth is calculated at the conclusion of the case, not at the time of the violation"); *Seawell v. Universal Fidelity Corp.*, No. CIV.A. 05-479, 2007 WL 1030544 (E.D. Pa. Apr. 2, 2007) ("it is well established that a defendant's net worth is calculated at the time of settlement/resolution of the case, rather when the violation occurred").

Moreover, as detailed below, Plaintiff has not established good cause to reopen discovery because, among other things: (1) Plaintiff delayed in bringing the Motion for over two months after learning of the new information forming the basis of the Motion; (2) Defendant would be prejudiced insofar as Plaintiff is already in possession of the relevant information he seeks, and thus, reopening discovery would only serve to waste Defendant's time and resources; (3) and reopening discovery will not lead to the production of additional relevant information given that Defendant has provided Plaintiff with all relevant information and documents concerning its net worth.

Plaintiff's request to open discovery can be classified as a fishing expedition. Plaintiff fails to identify a specific document or information he seeks to obtain from Defendant that was unavailable to him during the discovery period. Instead, the true motive behind Plaintiff's Motion is that Defendant's current financial statements are less favorable to Plaintiff's case and, as a result, he requests a blank check to explore that development. Accepting that approach, any party would be permitted to reopen discovery just because any newly acquired information is harmful to the party's case. Accordingly, for the reasons set forth in more detail below, this Court should deny Plaintiff's Motion in its entirety.

## ARGUMENT

### I.     Standard of Review

A court may modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g., Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-CV-001196JAMEFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery). Whether to reopen discovery rests in the court's sound discretion. *Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997).

The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end, and the request should be denied. *Id.* In addition to the diligence requirement, there are several factors a court may consider in deciding whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5)

3

the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

As set forth in detail below, Plaintiff's Motion should be denied because he failed to act diligently after learning of the new information that forms the basis for his Motion and the six factors above weigh against reopening discovery.

## II. Plaintiff was not Diligent in moving to Reopen Discovery

To show good cause, Plaintiff must establish he acted diligently in reopening discovery. *Johnson*, 975 F.2d at 609. Diligence is a "case-specific" inquiry that turns primarily on the length of time between the ground necessitating amendment and the movant's request to amend. *See San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, No. 16CV96-MMA (KSC), 2017 WL 6344816, at *5 (S.D. Cal. Dec. 12, 2017). The focus of the diligence inquiry is on the time between the moving party's discovery of new facts and when it asks the court for leave to file an amended pleading. *Thompson v. KC Care, LLC*, No. 3:18-CV-00363-YY, 2019 WL 3210088, at * 3 (D. Or. Jun. 17, 2019) (citing *Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). "Courts may properly consider a party's diligence at any point in the proceedings, such as "before the deadline for amendments, between the deadline and the motion to amend, between the discovery of new information and

the motion to amend, or in all of these time frames." *Story v. Midland Funding* LLC, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *2 (D. Or. Oct. 7, 2016) (quoting *Aldan v. World Corp.*, 267 F.R.D. 346, 356-57 (D. N. Mar. 1, 2010)).

When a party moves to amend a scheduling order, a party should move to amend within weeks of learning new information. *Id.* at *3; *see also Rants v. WHPacific Inc.*, No. C10-05273 RBL, 2010 WL 4622164, at *2 (W.D. Wash. Nov. 4, 2010) (motion filed less than two weeks after learning new information); *Navarro v. Eskanos & Adler*, No. C 06-02231 WHA, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (motion filed two weeks after learning new information). Even when the ground for the proposed amendment rests on information learned after the deadline, the diligence inquiry asks whether the plaintiff has sought to interpose its proposed amendment within a reasonably prompt time after learning of the basis for amendment. *See Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *7 (S.D. Cal. Mar. 12, 2019) (finding that good cause could not exist for an amendment sought four months after discovering information about the defendant that should have alerted plaintiffs of the basis for amendment, even when the information was discovered after the deadline to amend had passed).

Moreover, courts in this Circuit have held that waiting one month after discovering new facts to inform the opposing party of its intent to bring a motion to amend or waiting two months after discovery of new facts to file a motion for leave

to amend do not constitute diligence under Rule 16. *See, e.g. Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x. 715, 719 (9th Cir. 2002) (holding that a plaintiff who delayed seven weeks in requesting an amendment after knowing "the basis for seeking to amend" was not diligent for the purposes of Rule 16); *MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL, 2021 WL 289661, *3 (D. Ariz. 2021) ("That Plaintiff filed the motion nearly one month after [discovering relevant facts] does not indicate diligence."); *Ogier v. KC Care, LLC*, No. 3:18-CV-00361-YY, 2019 WL 3210089, at *3 (D. Or. June 17, 2019) ("Courts have held that waiting one month after discovering new facts to inform the opposing party of its intent to bring a motion to amend or waiting two months after discovery of new facts to file a motion for leave to amend does not constitute diligence under Rule 16."), *report and recommendation adopted*, 2019 WL 3206839 (D. Or. July 15, 2019); *Sako v. Wells Fargo Bank, Nat. Assoc.*, No. 14CV1034-GPC, JMA, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16"); *but see Rants*, 2010 WL 4622164, at *2 ("Ideally, a party will move to amend within weeks of learning new information."); *Navarro*, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (finding diligence where motion filed two weeks after learning new information).

Here, Plaintiff failed to act diligently in moving to reopen discovery. On June 7, 2021, Defendant supplemented its discovery responses by providing Plaintiff with its current audited financial statements. Over two months later, Plaintiff filed his instant motion to reopen discovery. Plaintiff offers no justification for this two-month delay. Instead, Plaintiff contends that he acted diligently during the course of the discovery period and argues that "had the audited financials for 2020 been produced before the close of discovery, Plaintiff would certainly have sought further documents and deposition testimony at the time." (Dkt. 108, p. 5). These arguments are insufficient to establish diligence.

First, Plaintiff's purported diligence during the discovery period is not the relevant time period at issue. To the contrary, as established by the above decisional authority, the relevant time period in assessing Plaintiff's diligence – or lack thereof – must be assessed from when he learned of the new information to when he filed his motion to reopen discovery. As such, whether Plaintiff acted diligently during the discovery period set by the Scheduling Order has no bearing on whether Plaintiff diligently moved to reopen discovery. Plaintiff's two-month delay in bring this instant motion, however, is relevant and demonstrates that Plaintiff failed to act diligently.

Second, it was impossible for Defendant to produce its audited financials for 2020 before discovery closed given that discovery closed on October 27, 2020 – two

months before the end of 2020. (Dkt. 88, p. 3). In this regard, Plaintiff's position that he would have sought further documentation and deposition testimony concerning Defendant's current financials is not only self-serving, but also an impossibility.

Third, without elaborating, Plaintiff merely asserts that a two-month delay in moving to reopen discovery is diligent and well before any deadlines to finalize trial exhibits. (Dkt. 108, pp. 5-6). As articulated above, a two-month delay in moving to reopen discovery, without any justification for the delay, is not diligent. Moreover, the fact that pretrial submissions are not due until December 2021 does excuse Plaintiff's obligation to diligently move to reopen discovery. *See Johnson*, 975 F.2d at 6100 ("[A] scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.").

Ultimately, it is Plaintiff's position that he moved diligently in seeking to reopen discovery because only two months have passed since Defendant provided him with its current financials. Perhaps that argument, standing alone, may hold water had Plaintiff moved within two weeks of receiving Defendant's current financials. However, a two-month delay in moving to reopen discovery without any reason for the delay is simply insufficient to establish good cause to reopen discovery. Therefore, given that Plaintiff did not act diligently in moving to reopen discovery, this Court should deny Plaintiff's Motion.

### III. The "Reopening of Discovery" Factors Weigh Against Reopening Discovery

As noted above, there are several factors a court may consider in deciding whether to reopen discovery for good cause: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona*, 866 F.3d at 1066. Thus, in addition to Plaintiff's lack of diligence, this Court should deny Plaintiff's Motion for the reasons set forth below.

#### A. *Defendant opposes the Plaintiff Motion to Reopen Discovery*

Defendant opposes Plaintiff's motion to reopening discovery, which weighs against a finding of good cause. *See Dimitre v. California State Univ. Employees' Union*, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019) ("the motion to reopen discovery is opposed, which weighs against such a finding" of good cause).

#### B. *Defendant would be prejudiced if Discovery is Reopened*

Generally, the party opposed to reopening discovery will suffer some prejudiced insofar as reopening discovery will delay the adjudication of the case. *See Dimitre*, 2019 WL 4670827, at *2 (collecting cases). Moreover, reopening

discovery to allow Plaintiff to potentially depose Defendant's corporate representative is prejudicial given that Plaintiff has already deposed Defendant's corporate representative and questioned him about Defendant's 2019 audited financials. In similar vein, Defendant has expended considerable resources to have a professional and independent financial audit conducted. Although Plaintiff claims that Defendant's 2020 audited financials fail to explain the reasons for the decline of Defendant's net worth, the fact of the matter is Defendant's 2020 audited financial are not merely an asset and liability statement. Instead, it is a comprehensive report that details the processes and events that affected Defendant's assets and liabilities. Said differently, audited financial statements are not generated to explain why a company's net worth increased or decreased from a prior year, but are generated to demonstrate a company's financial health at a certain period in time.

### C. The Need for Additional Discovery was Foreseeable

Plaintiff argues that "it is foreseeable that damages change over time and that such a change may occur during the period between close of discovery and trial." (Dkt. 108, p. 6). Additionally, Plaintiff asserts that the "ongoing pandemic has also caused a significant delay to trial schedules which has exacerbated the problems associated with the usually much shorter time period between close of discovery and trial." *Id.* Be that as it may, Defendant has an obligation to supplement its discovery

throughout the litigation, and Defendant complied with that obligation when it provided Plaintiff with it current financial statements.

Critically, prior to receiving Defendant's update financial information, Plaintiff was in possession of Defendant's 2019 financial statements and raised no objections to the financial figures contained therein or the processes used to arrive at those financial figures. Indeed, Defendant's financial statements are generated by a professional accounting firm that is completely independent from Defendant. In this regard, Defendant's financial statements speak for themselves and require no further explanation. Thus, although it may have been foreseeable that Defendant's financial statements would change from year to year, it is not foreseeable that any additional discovery would be required on the issue of damages, at least in this case, where the financial statements are generated by a professional, third-party accounting firm.

### D. Reopening Discovery will not Lead to Relevant Evidence

The sixth factor – the likelihood that the discovery will lead to relevant evidence – weighs against reopening discovery. "It is the moving party's burden to establish what new information will be obtained by reopening discovery." *Hill v. Cnty. of Maricopa* , No. CV1802613PHXGMSMTM, 2020 WL 1275749, at \*5 (D. Ariz. Mar. 17, 2020) (internal citation omitted). Plaintiff claims that it is "very likely that discovery will lead to relevant evidence because Defendant's net worth will

affect the damages recoverable under the FDCPA." (Dkt. 108, at p. 6). While Plaintiff is correct that the Defendant's net worth is relevant to damages in this case, Plaintiff has offered no support or explanation as what relevant evidence a reopened discovery period will yield.

Plaintiff argues that additional discovery is required "in order to understand and potentially challenge" the decline in DNF's net worth. Plaintiff, however, fails to specifically identify what specific information he intends to elicit from Defendant regarding its net worth. Instead, Plaintiff contends that any additional discovery would be "limited to a small number of documents requests and interrogatories and possibly a deposition of a corporate representative…entirely focused on [Defendant's] net worth for 2020 and 2021." (Dkt. 108., at p. 3).

Defendant's net worth for 2021 is completely irrelevant given the crux of Plaintiff's motion rests on Defendant's 2020 audited financials. With respect to Defendant's net worth in 2020, Plaintiff is in possession of Defendant's professionally audited financial statements for 2019 and 2020. These statements include: (1) the combined balance sheet as of December 31, 2019 and December 31, 2020; (2) the related combined state of income and members' equity and cash flows for the years 2019 and 2020; (3) and related noted to the combine financial statements which explain and detail Defendant's balance sheets.

Accordingly, Plaintiff is in possession of two comprehensive, independently conducted financial audits of Defendant's business that provide the information Plaintiff claims he is entitled to. In other words, Defendant has provided Plaintiff with financial audit reports that explain the decline of Defendant's net worth from 2019 to 2020. While Plaintiff takes issue with the substance of the report, this is not a basis to reopen discovery and fish for information that *may* assist Plaintiff.

To that end, if discovery is reopened, it begs the question as to what information Plaintiff will seek or inquire about. Plaintiff has only provided vague purposes for reopening discovery. For example, Plaintiff has neither identified a single document that he would request from Defendant if discovery is reopened, nor provided a specific topic that is not covered by Defendant's financial statements. Additionally, Plaintiff fails to explain the need for the information he now seeks and, given that Plaintiff has failed to disclose an expert witness, it is even more uncertain how Plaintiff will utilize the information.

Plaintiff's failure to provide any direction as to a potential reopened discovery period is the product of Plaintiff's inability to identify a specific need to reopen discovery. The fact of the matter is that Defendant's net worth is no longer favorable to Plaintiff's potential recovery. Simply because the record evidence has evolved to become less favorable to Plaintiff is not good cause to reopen discovery, especially where the evidence requires no explanation. Put differently, Plaintiff is in possession

of all the relevant information he needs to prosecute this case and can dispute Defendant's net worth at the appropriate time at trial.

Most importantly, "net worth" for the purposes of the FDCPA means balance sheet net worth. *Schuchardt v. Law Office of Rory W. Clark*, No. 15-CV-01329-JSC, 2016 WL 232435, at *10 (N.D. Cal. Jan. 20, 2016) (holding that "net worth" for the purposes of the FDCPA means balance sheet net worth, not fair market net worth including goodwill) (*citing Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000)). Defendant has not only provided Plaintiff with its balance sheets for the years of 2019 and 2020, but also provided Plaintiff with detailed audit reports detailing the financial figures contained on the balance sheets. Given that the Defendant's net worth for the purpose of the FDCPA is balance sheet net worth, Plaintiff is in possession of the only information he needs to establish damages at trial.

In conclusion, Plaintiff's attempt to conduct a fishing expedition into Defendant's net worth without articulating any relevant information that may lead from reopening discovery falls short of the "good cause" standard. *See Hill*, 2020 WL 1275749, at *5 (holding the plaintiff's failure to articulate what relevant evidence would come from reopening risks the discovery process to devolving into a fishing expedition.).

## CONCLUSION

In light of the foregoing, Plaintiff has not established "good cause" to reopen discovery given that he did not act diligently reopen discovery. In addition to Plaintiff's lack of diligence, the relevant factors that a Court may consider in determine whether "good cause" exists to reopen discovery weigh against reopening discovery. Therefore, this Court should deny Plaintiff's motion to reopen discovery in its entirety.

Dated: Honolulu, Hawaii. August 27, 2021.

/s/ Andrew J. Lautenbach
ANDREW J. LAUTENBACH
BRENDAN H. LITTLE *(Pro Hac Vice)*
Attorneys for Defendant
DNF ASSOCIATES, LLC