JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (Admitted *Pro Hac Vice*)
JOSHUA TARRANT-WINDT (Admitted *Pro Hac Vice*)
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Email: brian@bromberglawoffice.com
Email: joshua@bromberglawoffice.com

*Attorneys for Plaintiff*
Ronald Viernes

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DNF ASSOCIATES, LLC, <br><br> Defendant. | Case No: 1:19-cv-00316 JMS-KJM <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY** <br><br> Trial: January 11, 2022 <br><br> Judge: Honorable J. Michael Seabright |

Plaintiff Ronald Viernes ("Plaintiff" or "Viernes") seeks an order to re-open discovery for the limited purpose of obtaining information about the net worth of Defendant DNF Associates, LLC ("DNF"). There is good cause to re-open discovery because DNF produced new financial figures after the close of discovery and its net worth affects the available damages under the Fair Debt Collection Practices Act ("FDCPA").

**I. Plaintiff Has Acted Diligently in Moving to Re-Open Discovery**

Plaintiff acted promptly and diligently upon receipt of Defendant's 2020 financial statements on or about June 7, 2021, more than seven months after the close of discovery. On or about June 18, 2021, less than two weeks after receiving the financial statements, Plaintiff's counsel asked Defendant's counsel whether they would consent to re-opening discovery into Defendant's net worth. Defendant's counsel confirmed that they would not consent on or about June 23, 2021. Plaintiff ultimately filed his motion to re-open discovery on August 10, 2021.

The time between receiving Defendant's new damages information and the filing of the instant motion confirms Plaintiff's diligence. Within this time-frame, Plaintiff's counsel (1) consulted with a financial expert in order to understand the financial statements; (2) worked on other matters in this case related to administration of the class and preparation for the settlement conference held on

August 16, 2021; and (3) actually drafted the motion to re-open discovery. Moreover, Plaintiff was prepared to file the motion more than a week earlier, but Plaintiff's counsel determined that Local Rule 7.8 required a meet and confer beyond the mid-June email exchange described above. The parties did not meet and confer until August 3, 2021 and the motion therefore could not have been filed before August 10, 2021.

Defendant devotes most of its opposition to faulting Plaintiff for taking two months to make this motion. However, as shown above, Plaintiff moved quickly and responsibly. Notably, the decisions that Defendant cite all concern requests to amend pleadings rather than re-open discovery.[1] It is not surprising that Courts

---

[1] *See Schwerdt v. Int'l Fid. Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (Summary Order) (denying motion to amend complaint filed more than three months after discovering new information); *MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL, 2021 WL 289661, at *2 (D. Ariz. Jan. 28, 2021) (denying motion to file second amended complaint); *Ogier v. KC Care, LLC*, No. 3:18-CV-00361-YY, 2019 WL 3210089, at *1 (D. Or. June 17, 2019) (denying motion to file an amended complaint almost three months after discovering new evidence), report and recommendation adopted, No. 3:18-CV-0361-YY, 2019 WL 3206839 (D. Or. July 15, 2019); *Thompson v. KC Care, LLC*, No. 3:18-CV-00363-YY, 2019 WL 3210088, at *2 (D. Or. June 17, 2019) (denying motion to file second amended complaint after close of discovery to include information obtained two months before the close of discovery), report and recommendation adopted, No. 3:18-CV-0363-YY, 2019 WL 3206841 (D. Or. July 15, 2019); *San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, No. 16CV96-MMA (KSC), 2017 WL 6344816, at *7 (S.D. Cal. Dec. 12, 2017) (denying motion to file fourth amended complaint after close of discovery to correct inaccuracies in pleadings); *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14CV1034-GPC JMA, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (denying motion to amend complaint).

would be particularly strict about promptly amending pleadings because those pleadings affect the scope of a party's claims and defenses, which can have significant implications for litigation strategy and due process. Here, by contrast, re-opening discovery for the limited purpose of exploring changes in Defendant's net worth in 2020 and 2021 will not change the substance of any party's claims or defenses. Even in the context of motions to amend pleadings, courts find that a party acts diligently when it files the motion around two months after the discovery of new information.[2]

      When dealing with requests to re-open discovery, as opposed to requests to amend pleadings, Courts routinely find that a party acts diligently in moving two months or more after receiving new information. For example, the Ninth Circuit held in *City of Pomona v. SQM North America Corp.*,[3] that the plaintiff acted diligently in moving to re-open discovery into changes in damages after a successful appeal when the appeal was decided in December 2014 and the plaintiff did not move to re-open discovery until February 2015. Numerous other courts

---

[2] *See Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *3 (D. Or. Oct. 7, 2016) (finding plaintiff acted diligently despite three-month delay); *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) (finding diligence where plaintiff "filed the motion to amend roughly two months after" discovery of new information).
[3] 866 F.3d 1060, 1067 (9th Cir. 2017).

have accepted similar or even greater time-frames for motions to re-open discovery.[4]

Defendant further argues that Plaintiff's undisputed diligence during the discovery period has no bearing on this motion. Yet Plaintiff's diligence in pursuing discovery during the discovery period, including discovery of Defendant's net worth at that time, is relevant to whether Plaintiff has diligently sought information concerning Defendant's net worth and whether this information was available earlier.[5] Plaintiff's conduct during the discovery period also demonstrates that Plaintiff can be trusted to diligently pursue information about Defendant's net worth if discovery is re-opened.

## II. Re-Opening Discovery Will Likely Lead to Relevant Evidence

Re-opening discovery will allow Plaintiff to inquire into ███████

███████████████████████████████████████████████████████

---

[4] *See Stevens v. Brigham Young Univ. - Idaho*, No. 4:16-CV-00530-BLW, 2020 WL 7366318, at *3 (D. Idaho Dec. 11, 2020) (granting February 2020 motion to re-open discovery into spoliation issue that Court identified in December 2019 order); *Bear, LLC v. Marine Group Boat Works, LLC*, No. 14 cv 2960 (BTM) (BLM), 2016 WL 3667152, at *2 (S.D. Cal. July 11, 2016) (plaintiff acted diligently in moving to amend complaint in May 2016 based on new evidence discovered in February 2016); *Abila v. United States*, No. 2:09-CV-01345-KJD, 2013 WL 486973, at *5 (D. Nev. Feb. 6, 2013) (granting motion to re-open discovery into changes in damages in the six months following close of discovery).
[5] *See Abila*, 2013 WL 486973, at *5 (considering Plaintiff's diligence in seeking damages information in granting motion to re-open discovery into changes in damages).

5

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The FDCPA caps statutory class damages at the lesser of 1% of the defendant's net worth or $500,000.00. 15 U.S.C. § 1692k. The calculation of Defendant's net worth is therefore straightforwardly relevant to the damages Plaintiff can recover if the class claims are successful.

Defendant asserts that Plaintiff has failed to explain what information about its net worth could be extracted from re-opening discovery given its production of audited financial statements, but Plaintiff has specifically identified several questions about Defendant's net worth that are not answered by the financial statements. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇ All of these questions are laid out plainly in Plaintiff's opening brief.[6] The answers to these questions are relevant to the value of Defendant's net worth. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Defendant mischaracterizes Plaintiff as objecting to the substance of the

---

[6] *See* Plaintiff's Motion to Re-Open Discovery, dated August 10, 2021 (Dkt. 108), at 3.

2020 financial statements and seeking to use discovery to challenge the dollar figures contained within the statements. That is not the case. Plaintiff does not intend to dispute the specific numbers contained in those statements. Rather, Plaintiff is entitled to discovery into the context of those numbers. ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████

      Defendant accuses Plaintiff of failing to identify what information he seeks but it is notable that Defendant fails to grapple with *any* of the specifics contained in Plaintiff's motion. ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ Defendant concedes as much when elsewhere it notes that "audited financial statements are not generated to explain why a company's net worth increased or decreased from a prior year."[7] It is for this reason that additional discovery is needed.

---

[7] Defendant's Memorandum in Opposition to Plaintiff's Motion to Re-Open Discovery, dated August 27, 2021 (Dkt. 112), at 10.

Finally, Defendant claims that, even if the 2020 financials may be relevant, its 2021 net worth is "completely irrelevant." However, the 2021 financials will be relevant if Plaintiff is successful at trial. Trial is not scheduled until January 2022, at which point, DNF's financials through December 31, 2021 will be determinable, even if they still need to be audited. Discovery into known or anticipated changes in Defendant's net worth will allow any issues to be addressed before trial.

## III. Defendant Will Not be Prejudiced by Re-Opening Discovery

Re-opening discovery will not prejudice Defendant. As noted above, Plaintiff only needs answers to a discrete number of questions about Defendant's net worth in 2020 and 2021. Plaintiff anticipates that just a small number of document requests and interrogatories (no more than five of each) plus the deposition of a corporate representative under Fed. R. Civ. P. 30(b)(6) will be sufficient.[8] Such limited discovery will result in limited prejudice.[9]

Moreover, trial is still more than four months away and the long lead time between the close of discovery and trial means that re-opening discovery will not require this Court to extend any pre-trial deadlines.[10] Without any delay to the

---

[8] The "matters for examination" specified for the deposition under Fed. R. Civ. P. 30(b)(6) would be similarly limited to topics related Defendant's net worth in 2020 and 2021.
[9] *See Schagene v. Spencer*, No. 13 CV 333-WQH(RBB), 2018 WL 1210682, at *5 (S.D. Cal. Mar. 8, 2018) (finding little prejudice where re-opened discovery was limited and necessary to "meaningfully assess" damages).
[10] *See De Jesus Pineda v. Ratliff*, No. 3:18-CV-01630-SB, 2019 WL 6257739, at

current schedule, there would be no prejudice to Defendant.[11]

Defendant claims that it has already expended considerable expense in conducting an audit of its financials but this is irrelevant. Defendant did not audit its financials just for this case. Moreover, re-opening discovery will not require Defendant to conduct another audit. Plaintiff is not asking Defendant to create new documents or produce documents it does not already have in its possession.

IV. **Additional Discovery into Defendant's Updated Net Worth was Foreseeable**

Defendant does not and cannot dispute that it is foreseeable that its net worth would change over time and would need to be supplemented. Nevertheless, Defendant baldly asserts that it was not foreseeable that there would be any need for discovery other than providing supplemental audited financial statements. However, as Plaintiff noted in his opening brief and Defendant does not contest,

---

\*2 (D. Or. Nov. 22, 2019) (no prejudice in re-opening discovery into defendant's financial status where there would be no delay in trial date).
[11] Defendant's reliance on *Dimitre v. California State University Employees' Union*, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at \*2 (E.D. Cal. Sept. 25, 2019), is therefore inapposite, since the only prejudice the Court identified in that case was a potential delay to the litigation.

9

Courts routinely re-open discovery to allow for updated damages information.[12]

The need to re-open discovery in this case is therefore foreseeable.[13]

## Conclusion

For the above reasons, Plaintiff respectfully requests that the Court grant the motion to re-open discovery into DNF's net worth for 2020 and 2021.

Dated: September 10, 2021

                                           /s/ *Brian L. Bromberg*
                                           Brian L. Bromberg
                                           Attorney for Plaintiff

---

[12] *See JGX, Inc. v. Handlery*, No. 17-CV-00287-BLF, 2019 WL 9573761, at *2 (N.D. Cal. Nov. 25, 2019) (re-opening discovery related to new information contained in supplemental disclosures); *Pineda*, 2019 WL 6257739, at *2 (re-opening "fact discovery to allow limited discovery into [defendant's] financial status"); *Nolan v. City of Los Angeles*, No. CV0302190GAFAJWX, 2009 WL 10655612, at *2 (C.D. Cal. Dec. 10, 2009) (re-opening discovery where plaintiffs, post-discovery, alleged a "drastic increase in estimated damages"); *Neilson v. Beck*, No. CIV. 94-520-FR, 1997 WL 136528, at *1 (D. Or. Mar. 20, 1997) (re-opening discovery as to damages because "enough time has passed . . . that evidence concerning damages may have changed").

[13] *Cf. Vinzant v. United States*, No. EDCV0724VAPJCRX, 2015 WL 13376683, at *4 (C.D. Cal. Aug. 7, 2015) (noting that it was foreseeable that discovery would need to be re-opened upon plaintiff retaining pro bono counsel because "Courts often reopen discovery" in those circumstances).