IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>and all others similarly situated,<br><br>    Plaintiff,<br> vs.<br><br>DNF ASSOCIATES, LLC,<br><br>    Defendant. | CIVIL NO. 1:19-CV-00316 JMS-KJM<br><br>**DECLARATION OF BRENDAN H. LITTLE**<br><br>Trial: January 11, 2022<br>Judge: Honorable J. Michael Seabright |

# **DECLARATION OF BRENDAN H. LITTLE**

I, Brendan H. Little, hereby declare and state under penalty of perjury that the following facts are true and correct, and are made on personal knowledge, unless stated to be on information and belief:

1. I am partner with the law firm Lippes Mathias Wexler Friedman LLP, counsel for Defendant DNF Associates, LLC ("DNF") in this lawsuit.

2. On July 24, 2019, I was admitted to appear pro hac vice on behalf of DNF. (Doc. 11).

3. I submit this Declaration in support of DNF's Motion requesting leave to file a motion to dismiss for lack of subject matter jurisdiction and a motion to decertify the classes.

4. The First Amended Scheduling Order set a deadline to file dispositive motions for May 27, 2020 and a deadline to file non-dispositive motions for July 29, 2020. (Doc. 39).

5. The subsequent scheduling orders did not extend the motions deadlines. (Doc. 88; Doc. 102).

6. As stated in more detail in Part II(b) of the Defendant's brief in support of its motion, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) was decided in June 2021 and the law analyzing injury in fact for standing in FDCPA cases has changed drastically since the end of 2020.

7. To the extent that the deadlines in the first amended scheduling order governed the motion to dismiss for lack of standing and to decertify the classes, those motions could not have complied with the deadlines because the legal precedent the motions are based on did not exist.

8. Additionally, as stated in more detail in Defendant's brief in support of its motion, subject matter jurisdiction cannot be waived and a motion to decertify can be brought at any time.

9. As a result, I believed in good faith that leave of court was not required to file the motion to dismiss for lack of subject matter jurisdiction or the motion to decertify the classes.

10. I declare under the penalty of perjury that the foregoing is true and accurate.

Dated: Buffalo, New York, October 25, 2021

/s Brendan H. Little
Brendan H. Little, Esq.