# EXHIBIT A

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
Ronald Viernes

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>**and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DNF ASSOCIATES, LLC,**<br><br>**Defendant.** | CIVIL NO. 1:19-CV-316 JMS-KJM<br><br>PLAINTIFF RONALD VIERNES'S RESPONSES TO DEFENDANT DNF ASSOCIATES, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF |

TO:   ANDREW J. LAUTENBACH
      alautenbach@starnlaw.com
      Pacific Guardian Center, Makai Tower
      733 Bishop Street, Suite 1900
      Honolulu, Hawaii 96813

      BRENDAN H. LITTLE
      blittle@lippes.com
      50 Fountain Plaza, Suite 1700
      Buffalo, New York 14202

      Attorneys for Defendant
      DNF ASSOCIATES, LLC.

1

# PLAINTIFF RONALD VIERNES'S RESPONSES TO DEFENDANT DNF ASSOCIATES, LLC'S FIRST REQUEST FOR ANSWERS TO <u>INTERROGATORIES TO PLAINTIFF</u>

Plaintiff Ronald Viernes, by and through his attorney, Justin A. Brackett, Esq., pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, hereby responds to Defendant DNF Associates, LLC's First Request for Answers to Interrogatories, dated December 9, 2019, as follows:

1. Please identify the person or persons answering these interrogatories. Further, please identify all other persons providing information responsive to these interrogatories, including their title and work and home addresses (no home address required for counsel for Plaintiff).

   **Answer:** Ronald Viernes, with assistance from his attorney, Justin A. Brackett, Esq.

2. Please identify each address Plaintiff has resided at from December 1, 2016 to the present. For each residence identified, please provide the complete address, whom Plaintiff resided with and whether Plaintiff owned or rented the residence.

2

**Answer:** 1566 Ahihi Street, Honolulu, HI 96819.

3. Please identify each and every letter or written communication Plaintiff sent or received from Defendant. In doing so, please identify the date of the communication, the method of communication, i.e. regular mail, electronic mail, and the subject matter of the communication.

**Answer:** See 1) March 8, 2019 dispute letter to DNF, 2) March 8, 2019 dispute letter to DNF's agent, Mandarich Law Group, 3) March 5, 2019 letter from DNF's agent, Mandarich Law Group, and 4) January 10, 2019 Complaint served on Mr. Viernes.

4. Please identity each and every telephone call Plaintiff received from DNF. In doing so, please provide the date, time, the telephone number Plaintiff received the call at, identity of the DNF employee and the subject matter of the telephone conversation.

**Answer:** None that I remember.

5. Please identify each and every telephone call Plaintiff made to DNF. In doing so, please provide the date, time, the telephone number used to contact DNF, the identity of the DNF employee Plaintiff spoke with, and the subject matter of the telephone conversation.

    **Answer:** None that I remember.

6. Please identify Plaintiff's factual basis that DNF is a "debt collector" as defined by the Fair Debt Collection Practices Act, as alleged in Paragraph 12 of the Complaint.

    **Answer:** See 1) March 5, 2019 demand letter from DNF's agent, Mandarich Law Group, and 2) January 10, 2019 Complaint served on Mr. Viernes.

7. Please identify Plaintiff's factual basis that DNF was attempting to collect on "debt" as defined by the Fair Debt Collection Practices Act, as alleged in Paragraph 14 of the Complaint.

    **Answer:** See 1) March 5, 2019 demand letter from DNF's agent, Mandarich Law Group, and 2) January 10, 2019 Complaint served on Mr. Viernes.

4

8. Please identify each and every of DNF's actions used to collect a debt from Plaintiff. In doing so, please provide the date and time of the action and the identity of the DNF employee who performed the act.

   **Answer:** See 1) March 5, 2019 demand letter from DNF's agent, Mandarich Law Group, and 2) January 10, 2019 Complaint served on Mr. Viernes.

9. Please identify Plaintiff's factual basis that DNF engaged in unlawful debt collection practices, as alleged in Paragraph 18 of the Complaint.

   **Answer:** See 1) H.R.S. § 443B-3, 2) the March 5, 2019 demand letter from DNF's agent, Mandarich Law Group, 3) the January 10, 2019 Complaint served on Mr. Viernes, and 4) records from Hawaii District Court demonstrating DNF filed at least 110 lawsuits against Hawaii residents in the past four years.

10. Please identify Plaintiff's factual basis that DNF is not an exempt out-of-state collection agency, as alleged in Paragraph 20 of the Complaint.

**Answer:** See records of searches for DNF's registration performed at Hawaii's Department of Commerce and Consumer Affairs.

11. Please identify Plaintiff's factual basis that DNF, in order to handle its large volume of accounts, "established regular policies and procedures concerning the filing of lawsuits against persons who allegedly owe the accounts," ass alleged in Paragraph 21 of the Complaint.

    **Answer:** Objection – calls for speculation. See produced documents including, but not limited to, Hawaii State District Court records demonstrating DNF's filing of at least 110 lawsuits in Hawaii in the past four years. Discovery is ongoing and additional documents may be produced upon discovery and/or recovery by Mr. Viernes.

12. Please identify Plaintiff's factual basis that DNF "maintains records of its communications to consumer reporting agencies and consumers," as alleged in Paragraph 25 of the Complaint.

    **Answer:** Objection – calls for speculation. Mr. Viernes believes DNF, like most businesses, maintains records of its communications.

6

13. Please identify Plaintiff's factual basis that Defendant did not have the right to sue Plaintiff in the State of Hawaii, as alleged in Paragraphs 22 and 57 of the Complaint.

    **Answer:** Mr. Viernes and his attorney reviewed the records pertaining to DNF's registration performed at Hawaii's Department of Commerce and Consumer Affairs and found they were not registered at all.

14. Please identify Plaintiff's factual basis that DNF used "false, deceptive, or misleading representations or means in connection with the collection of any debt, which is in violation of 15 U.S.C. § 1692e," as alleged in Paragraph 40 of the Complaint.

    **Answer:** Mr. Viernes and his attorney reviewed the records pertaining to DNF's registration performed at Hawaii's Department of Commerce and Consumer Affairs and found they were not registered at all.

15. Please identify Plaintiff's factual basis that DNF used "false, deceptive, or misleading representations in connection with the character, amount, or legal

7

status of the alleged debt, which is violation of 15 U.S.C. § 1692e(2)," as alleged in Paragraph 42 of the Complaint.

**Answer:** Mr. Viernes and his attorney reviewed the records pertaining to DNF's registration performed at Hawaii's Department of Commerce and Consumer Affairs and found they were not registered at all.

16. Please identify Plaintiff's factual basis that DNF violated Haw. Rev. Statute § 480-2, as alleged in Paragraph 49 of the Complaint.

**Answer:** Mr. Viernes and his attorney reviewed the records pertaining to DNF's registration performed at Hawaii's Department of Commerce and Consumer Affairs and found that DNF was not registered at all. Pursuant to H.R.S. §443B-3 DNF must first register with the State of Hawaii before it collects any debts here and pursuant to §443B-20 such conduct is "Unfair competition, unfair or deceptive acts or practices" whereby "A violation of this chapter by a collection agency shall constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce for the purpose of section 480-2."

8

17. Please identify Plaintiff's factual basis that DNF is required to register as a Collection Agency with the Hawaii Department of Commerce and Consumer Affairs, and failure for DNF to do so violates Haw. Rev. Statute § 443B and § 480, as alleged in Paragraph 54 of the Complaint.

**Answer:** See H.R.S. §§443B-3, 443B-20.

18. Please identify Plaintiff's factual basis that DNF violated Haw. Rev. Statute § 443B-18(5), as alleged in Paragraph 55 of the Complaint.

**Answer:** DNF misrepresented the account's status in a legal proceeding since DNF was not a registered debt collector and had no authority to file suit against Mr. Viernes in Hawaii.

19. Please identify, with specificity, Plaintiff's actual damages and all other damages alleged in the Complaint.

**Answer:** See responses to Requests for Production. See 15 U.S.C. §1692k and H.R.S. 480-13 providing for statutory damages, attorneys fees, and

9

costs. Mr. Viernes also incurred postage fees in sending dispute letters to DNF and its attorney and dealt with emotional distress due to DNF's actions including anxiety, sleepless nights, etc....

20. Please identify and describe any treatment received by Plaintiff from a medical professional relating to Plaintiff's allegation that he suffered additional damages such as emotional distress, as alleged in Paragraph 39 of the Complaint. In doing so, please identify the name(s) of the medical professional(s) and the date(s) Plaintiff received treatment.

**Answer:** Mr. Viernes has not undergone treatment from a medical professional relating to his emotional distress brought on by DNF's actions.

21. Please identify all witnesses Plaintiff intends to call at trial and subject matter of each witnesses' testimony.

**Answer:** Discovery is ongoing. Witnesses will be disclosed pursuant to the Court's Scheduling Order.

Submitted this, the __14__ day of January, 2020.

_____
Justin A. Brackett, Attorney for Plaintiff

VERIFICATION

STATE OF HAWAI'I            )
                            ) SS.
CITY AND COUNTY OF HONOLULU )

RONALD VIERNES, being first duly sworn on oath deposes and states that he has read the foregoing answers to Defendant's First Requests for Answers to Interrogatories and that the same are true to the best of his knowledge and belief.

DATED: HONOLULU, HAWAII    __1/14/20_____

_____
RONALD VIERNES

11