STARN O'TOOLE MARCUS & FISHER
A Law Corporation

ANDREW J. LAUTENBACH 8805-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
Email: alautenbach@starnlaw.com

LIPPES MATHIAS WEXLER FRIEDMAN LLP

BRENDAN H. LITTLE (Pro Hac Vice)
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Email: blittle@lippes.com

Attorneys for Defendant
DNF ASSOCIATES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated, | CIVIL NO. 1:19-CV-00316 JMS-KJM |
| Plaintiff, | **DEFENDANT DNF ASSOCIATES, LLC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION** |
| vs. | |
| DNF ASSOCIATES, LLC, | Trial: April 26, 2021 Judge: Honorable J. Michael Seabright |
| Defendant. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................ii

PRELIMINARY STATEMENT ....................................................................1

ARGUMENT...............................................................................................2

    I.  PLAINTIFF'S ADMISSION THAT HE WILL NOT SEEK
    ACTUAL DAMAGES ON BEHALF OF THE CLASSES IS FATAL
    TO THIS LAWSUIT CONTINUING ON A CLASS BASIS ................................2

    II.  BEING SUBJECTED TO A LAWSUIT BY A
    LICENSED PLAINTIFF IS NOT SUFFICIENT
    TO CREATE A CONCRETE INJURY .........................................................3

        *i*.  Being subjected to a lawsuit from an
        unlicensed party is different than the
        "common-law unjustifiable-litigation torts"
        stated in opposition ....................................................3

        *ii*.  The posture at which Plaintiff's harm
        is being articulated ....................................................6

        *iii*.  The injuries Plaintiff articulates regarding
        being subject to a lawsuit are not traceable to
        his claims against DNF ...............................................7

    III.  PLAINTIFF'S EMOTIONAL DISTRESS IS
    INSUFFICIENT TO ESTABLISH STANDING .................................................9

        *i*. Emotional distress, standing alone,
        as a concrete injury .....................................................9

        *ii*.  Plaintiff's claimed emotional distress
        in this lawsuit...........................................................10

        *iii*.  Plaintiff's claimed emotional distress
        in this lawsuit is not traceable to DNF's
        failure to obtain a license ..........................................11

    III.  PLAINTIFF'S POSTAGE COSTS ARE INSUFFICIENT
    TO ESTABLISH STANDING ....................................................................12

    IV.  THE CLASSES SHOULD BE DECERTIFIED..........................................13

i

*i.*  Plaintiff's claimed damages are not typical of the Classes and required decertification ...................................13

*ii.*  Plaintiff's arguments in his Opposition render him an inadequate class representative........................................14

CONCLUSION ..............................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Wright*,
    468 U.S. 737 (1984).................................................................8

*Baglini v. Lauletta*,
    338 N.J. Super. 282 (App. Div. 2001) ......................................4

*Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*,
    794 F.3d 871 (7th Cir. 2015)...................................................6

*Cordoba v. DIRECTV, LLC*,
    942 F.3d 1259 (11th Cir. 2019)...............................................8

*Denius v. Dunlap*,
    330 F.3d 919 (7th Cir. 2003)..................................................11

*Eul v. Transworld Sys.*,
    2017 WL 1178537 (N.D. Ill. Mar. 30, 2017)............................4

*Flores v. Rawlings Co., LLC*,
    117 Haw. 153 (2008)..........................................................2,6

*Gerber v. Herskovitz*,
    14 F.4th 500 (6th Cir. 2021)...................................................9

*In re FDCPA Mailing Vendor Cases*,
    2021 WL 3160794 (E.D.N.Y. July 23, 2021) ...........................3

*In re Universal Serv. Fund Tel. Billing Pracs. Litig.*,
    219 F.R.D. 661 (D. Kan. 2004)..............................................15

*Isobe v. Sakatani*,
    127 Haw. 368 (Ct. App. 2012) ...............................................5

*Johnson v. PNC Mortg.*,
    2016 WL 861089 (N.D. Cal. Mar. 7, 2016).............................7

*Kennedy v. Allied Mut. Ins. Co.*,
    952 F.2d 262 (9th Cir.1991)...................................................10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)......................................................................................8

*Lujan v. Defendants of Wildlife*,
  504 U.S. 555 (1992)....................................................................................7,8

*Moritz v. Daniel N. Gordon, P.C.*,
  895 F. Supp 2d 1097 (W.D. Wash. 2012)............................................12,13

*Rader v. Teva Parenteral Medicines, Inc.*,
  276 F.R.D. 524 (D. Nev. 2011) ..................................................................15

*Richardson v. Rutherford*,
  787 P.2d 414 (1990).......................................................................................5

*Ruffin-Thompkins v. Experian Information Solutions, Inc.*,
  422 F.3d 603 (7th Cir. 2005)......................................................................11

*Safeway Ins. Co. v. Spinak*,
  267 Ill. App. 3d 513 (1994).........................................................................4

*Sambor v. Omnia Credit Services, Inc.*,
  183 F. Supp. 2d 1234 (D. Haw. 2002) ....................................................2,13

*Samuel, Son & Co. Inc. v. Sierra Stainless, Inc.*,
  2010 WL 4237993 (D. Nev. Oct. 19, 2010) ...............................................7

*Smart v. Emerald City Recovery, LLC*,
  2019 WL 366205 (W.D. Wash. Jan. 30, 2019).........................................11

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .................................................................................3

**Federal Statutes**

15 U.S.C. § 1692.........................................................................................2,13

28 U.S.C. § 1920..........................................................................................12

**State Statutes**

Washington Consumer Protection Act.........................................................13

Hawaii Revised Statues............................................................1,2,6

## PRELIMINARY STATEMENT

Defendant DNF Associates, LLC's ("DNF") motion to dismiss and to decertify ("the Motion") demonstrated that Plaintiff Ronald Viernes ("Plaintiff") has not suffered a concrete injury traceable to the fact DNF did not have a debt collection license. In his opposition (the "Opposition"), Plaintiff concocts a new theory of harm, the very act of being subjected to an "unlawful" lawsuit.

Shockingly, Plaintiff concedes he will not seek emotional distress or postage costs as damages on behalf of the class members. Given that Plaintiff admits, for the first time in Opposition to the Motion, he is not seeking actual damages on behalf of the classes, the HRS § 443B-3 cause of action  fails and the Hawaii Class must be decertified. Moreover, if the members of the Fair Debt Collection Practices Act ("FDCPA") class cannot prevail on their claim pursuant to HRS § 443B-3, their FDCPA claims fail, or at the very least, are not actionable in federal court.

Regardless, Plaintiff's purported injuries still falls short. Plaintiff conflates unlawful with unauthorized so he can shoehorn his claim into a type of harm he can argue has traditionally served as a basis for a lawsuit. As detailed below, Plaintiff fails to do so because being subject to a lawsuit by an unlicensed plaintiff is not closely related to a traditionally recognized tort. Similarly, Plaintiff's arguments regarding emotional distress and postage fall short of establishing a basis for standing.

1

## ARGUMENT

**I.** **Plaintiff's admission that he will not seek actual damages on behalf of the classes is fatal to this lawsuit continuing on a class basis**

As the Court is aware, the alleged conduct at issue is that DNF did not register as a debt collector pursuant to HRS § 443B-3. To prevail on that claim, Plaintiff, and the members of the class, must demonstrate independent damages separate from the violation. *See HRS* § 480-13; *Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1244 (D. Haw. 2002); *Flores v. Rawlings Co., LLC*, 117 Haw. 153, 167, 177 (2008).

In his Opposition, Plaintiff states "[a]lthough Plaintiff's emotional distress and postage is personal to himself, he does not intend to rely on those injuries to establish class-wide liability or damages." (Doc. 129, p. 34). If Plaintiff is no longer pursuing damages, outside of the mere fact that there was a violation, on behalf of the Hawaii Class, the cause of action fails because no member of that class can prove independent damages separate from the violation, a required element of the claim.

Moreover, if the members of the FDCPA class cannot prevail on their claim pursuant to HRS § 443B-3, their FDCPA claims also fail. Plaintiff contends that DNF violated 15 U.S.C. § 1692e and e(2) by commencing a collection lawsuit without a license in violation of HRS § 443B-3. As detailed above, if the members of either class cannot demonstrate damages, they cannot prevail on their Hawaii statutory claim. Plaintiff is therefore using the FDCPA to regulate and enforce a state

2

statute that, under these circumstances, is no longer actionable. DNF submits the Court need to look no further than this point to hold there is no class wide standing. The allegation that the injury purportedly stems from – being subject to a lawsuit – is not actionable without proof of additional damages. As a result, Plaintiff and the members of the Classes cannot demonstrate an injury in fact and this lawsuit must be dismissed.

## II. Being subjected to a lawsuit by a licensed plaintiff is not sufficient to create a concrete injury

### i. Being subjected to a lawsuit from an unlicensed party is different than the "common-law unjustifiable-litigation torts" stated in opposition

Notwithstanding Part I *supra*, Plaintiff still fails to establish standing. In order to argue he has standing, Plaintiff equates the purported harm suffered from DNF's failure to obtain a collection license with the harms associated with the traditionally recognized torts of malicious prosecution, abuse of process, malicious use of process, unauthorized lawsuit, tortious interference with business relations, maintenance and champerty.

Plaintiff must show there is a "close relationship" between the alleged harm caused by DNF's actions and a harm traditionally recognized under these common law causes of action. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021); *In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794, at *6 (E.D.N.Y. July 23, 2021). The common law torts that Plaintiff relies on, however, are nothing like the

claim at issue, and therefore provide no basis to establish Plaintiff's standing under Article III. The shared defining characteristic among the torts put forth is a meritless claim pursued with evil intent.

Plaintiff relies on *Baglini v. Lauletta*, 338 N.J. Super. 282 (App. Div. 2001) to draw a similarity between a claim for malicious use of process and engaging in collection activities without a state license. The two claims bear no resemblance to each other. "A plaintiff in a malicious use of process case must prove four elements: that the original action complained of (1) was brought without probable cause; (2) was actuated by malice; (3) was terminated favorably to plaintiff; and (4) that plaintiff suffered a special grievance." *Baglini*, 338 N.J. Super. at 299. Here, Plaintiff does not, and cannot claim DNF acted with malice or that the lawsuit was meritless.

Plaintiff references an obscure tort recognized in Illinois, a claim for an unauthorized lawsuit, which permits recovery for defending an action that was brought without the named plaintiff's authority. *Safeway Ins. Co. v. Spinak*, 267 Ill. App. 3d 513, 641 (1994). As stated in *Eul v. Transworld Sys.*, 2017 WL 1178537, at *21 (N.D. Ill. Mar. 30, 2017), which Plaintiff relies on, to state a claim under this tort it must be demonstrated that the plaintiff did not have knowledge or give consent to file the lawsuit. *Eul*, 2017 WL 1178537, at *21. Here, there is no allegation that DNF did not know, or did not consent, to the lawsuit.

Plaintiff points to the tort of abuse of process, which provides a remedy where

4

a "legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." *Richardson v. Rutherford*, 787 P.2d 414, 420–21 (1990). Stated differently, the claim exists only when the party asserting the claim has an ulterior motive for bringing the lawsuit, not a procedural defect. Here, there is no allegation that DNF did not have a good faith basis for filing suit or that it did so with some ulterior motive.

Plaintiff tries to draw similarities between this lawsuit and a claim for malicious prosecution. To succeed on a claim for malicious prosecution, however, a plaintiff must show that the prior proceedings were initiated with malice. *Isobe v. Sakatani*, 127 Haw. 368, 378 (Ct. App. 2012). Here, Plaintiff does not contend that DNF's initiation of the lawsuit was undertaken with any malicious intent.

The above examples demonstrate why Plaintiff's conflation of unlawful and unauthorized is critically flawed. Plaintiffs newly raised common law theory is built on intentional, unlawful litigation that lacks merit. The underlying lawsuit in this case is devoid of those allegations. Specifically, Plaintiff does not contend DNF intentionally took any act with malice or improper intent. To the contrary, Plaintiff admits he owes the debt and he admits DNF is the creditor. The only impropriety apparent in the lawsuit was that DNF did not obtain a license prior to proceeding – a procedural flaw that had no bearing on the merits of the claims asserted.

Plaintiff does not cite to a single case holding that commencement of a lawsuit without a license required by state law bears a close relationship to a traditionally recognized harm. Nor could he. The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015); *Eul*, 2017 WL 1178537, at *3. The Court needs to look no further than how the Hawaii courts interpret and analyze unlicensed collection pursuant to HRS chapter 443B. The Hawaii Supreme Court has held collecting a debt without a license cannot, standing alone, be said to injure a plaintiff. *See Flores*, 117 Haw. at 168.

Plaintiff does not attempt to reconcile the *Flores* decision with his analysis. The very conduct at issue in this lawsuit, alleged unlicensed collection, has been determined to be insufficient to establish an injury by the Hawaii Supreme Court. As a result, Plaintiff's new theory of harm is foreclosed by Hawaii courts' interpretation of the Hawaii statute at issue. Plaintiff presents no persuasive authority for the proposition that unlicensed collection activity, even in the context of a lawsuit, is a traditional harm. To the contrary, the Hawaii Supreme Court has held doing so is insufficient to establish an injury. As a result, Plaintiff's argument should be rejected.

ii.    *The posture at which Plaintiff's harm is being articulated*

Plaintiff raises his "most obvious and concrete harm" – being subjected to an unlawful lawsuit – for the first time in Opposition. (Doc. 129, p. 9). Unsurprisingly,

6

Plaintiff did not raise this harm at his deposition. (Doc. 68-3). Additionally, in response to a specific discovery demand relating to the concrete injury he alleges he suffered, the harm of being subject to an unlawful lawsuit in conspicuously absent. Plaintiff's response to DNF's request for admission regarding a concrete injury denies the request and states, "on this point states: "I incurred action damages of postage in sending a dispute letter to the Defendant." (Doc. 124-5).

It is only in his Opposition that Plaintiff raises the alleged harm of being sued illegally as the basis for his injury in fact. Although not dispositive, courts are acutely wary of claims and arguments raised in this posture. *See, e.g.*, *Johnson v. PNC Mortg.*, 2016 WL 861089, at *2 (N.D. Cal. Mar. 7, 2016); *Samuel, Son & Co. Inc. v. Sierra Stainless, Inc.,* 2010 WL 4237993, at *5 (D. Nev. Oct. 19, 2010) (declining to consider an issue raised for the first time in an opposition to a motion for summary judgment where argument was not raised in response to a request for admission.).

iii.    *The injuries Plaintiff articulates regarding being subject to a lawsuit are not traceable to his claims against DNF*

Plaintiff's Opposition brushes past traceability. (Doc. 129, p. 32-33). Traceability is, however, a separate element of standing that Plaintiff must independently satisfy. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992) Plaintiff's conclusory assertion that there is a "simple line" between DNF's conduct and Plaintiff's injury is incorrect. (Doc. 129, p. 32). To the contrary, there is a break in causation, one that is material and sufficient to warrant dismissal.

7

The parties agree that Article III standing requires a "causal connection between the injury and the conduct complained of" – in other words, the injury must be fairly traceable to the challenged action of the defendant." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560-61); (Doc. 124-1, p. 23-25). Although Plaintiff is correct that proximate causation is not required, there must be a line of causation between the conduct complained of and the injury. *Allen v. Wright*, 468 U.S. 737, 752 (1984), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

By broadening his "injury" to "all unlicensed debt collection activity," Plaintiff evades the line of causation required to satisfy traceability. Plaintiff's centrally claimed injury is being subject to a lawsuit, not DNF's lack of a license. Plaintiff admits he owes the debt, admits he did not pay his debt, and does not dispute that the law firm who commenced the action was licensed. Whether DNF had a collection license was not the cause of Plaintiff's claimed injuries.

Although this distinction is nuanced, it is significant. Whether DNF, the named Plaintiff in the underlying collection lawsuit, had a license, has no causal relationship to the injuries Plaintiff alleges from being sued. Plaintiff, who is clearly familiar with the pursuit technical violations on behalf of class actions, makes no representation that he knew whether DNF was licensed when he was sued. The act of obtaining or not obtaining a license could not have caused Plaintiff emotional

8

distress. It did not cause Plaintiff to incur costs. It did not cause his injuries. Ultimately, Plaintiff's claimed injuries – irrespective of whether DNF maintained a collection license –flow from the lawsuit itself.

### III.   Plaintiff's emotional distress is insufficient to establish standing

####   i.   *Emotional distress, standing alone, as a concrete injury*

Neither party can cite to binding Ninth Circuit authority that states whether emotional distress is sufficient to create a concrete injury to confer standing.

Plaintiff's support for his position that emotional damages are sufficient to confer standing is limited, almost entirely, on the Sixth Circuit's decision in *Gerber v. Herskovitz*, 14 F.4th 500, 507 (6th Cir. 2021). Notably, *Gerber* does not deal with the FDCPA, or any other consumer protection statute. Instead, it pertained to a lawsuit brought by the Beth Israel Synagogue against anti-Israel protesters who have picketed and protested the Synagogue every weekend for 935 straight weeks. *Id.* at *504. The congregants filed a lawsuit alleging, *inter alia*, extreme emotional distress from being subjected to the protests. *Id.* at *505. Although DNF does not dispute *Gerber's* holding, the factual undercurrents and supported allegations of actual emotional distress, are very different from the instant lawsuit.

DNF's Motion cited to numerous cases, in both the district and circuit courts, that have held garden variety emotional distress in the context of consumer protection litigation is insufficient to confer standing. (Doc. 124-1, p. 20-21). It will

not re-hash those cases in reply, but it submits that the Court should follow those well-reasoned decisions.

ii.    *Plaintiff's claimed emotional distress in this lawsuit*

DNF's Motion argued that even if the Court determines Plaintiff's alleged emotional distress could constitute a concrete injury, Plaintiff's particular contentions of emotional distress are insufficient. Understanding he could not dispute DNF's argument, Plaintiff attempted to remedy his shortcoming with a last-minute Declaration, which, in conclusory fashion, states the types of emotional distress he alleges he suffered.

"The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991). Plaintiff reasons that his basis for failing to testify to his emotional distress, a damage he is claiming in this lawsuit, was purported confusion in understanding the questions he was asked. This confusion was apparently not realized at the deposition or when Mr. Viernes and his counsel reviewed the deposition and made thirteen changes on the Errata Sheet. Coincidentally, it was only uncovered after DNF moved to dismiss for lack of standing.

Regardless, Plaintiff's Declaration does not help his cause. Plaintiff bears the burden to demonstrating emotional distress. As the Seventh Circuit has stated,

"when the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005). Claims for emotional damages must be supported by competent evidence. *Smart v. Emerald City Recovery, LLC*, 2019 WL 366205, at *2 (W.D. Wash. Jan. 30, 2019).

Plaintiff includes three paragraphs in his Declaration regarding emotional distress, listing buzzwords associated with garden variety emotional distress, without any supporting detail. Just saying you are emotionally distressed, without support, is insufficient. Plaintiff does not substantiate his categorical conclusion that he suffered emotional distress. As a result, Plaintiff cannot satisfy his burden in this regard, regardless of his "clarifying" Declaration in Opposition to the Motion.

### iii.   *Plaintiff's claimed emotional distress in this lawsuit is not traceable to DNF's failure to obtain a license*

Contrary to the arguments put forth in Plaintiff's Opposition, the only well-articulated testimony about the traceability of his distress is with regard to the stress associated with the instant litigation. (Doc. 68-3, p. 29, ln. 14-21). Plaintiff's Opposition relies on a single sentence from Plaintiff's Declaration to conclude any emotional distress was traceable to DNF's actions, stating "all of these symptoms

11

were a result of Defendant's unlawful debt collection efforts, not any other cause." (Doc. 129-1). It is difficult to imagine a more conclusory statement.

As detailed in Part II(iii) *supra*, Plaintiff's claimed emotional distress is not traceable to DNF's failure to obtain a license, it relates to being subjected to a lawsuit. Although being sued is stressful, the lawsuit was not unlawful, and it was not meritless. Plaintiff does not plausibly contend that a failure to comply with Hawaii law in obtaining a license had any impact on his purported distress. As a result, dismissal is required.

## IV.     Plaintiff's postage costs are insufficient to establish standing

In its Motion, DNF puts forth two arguments regarding Plaintiff's "postage damages." First, postage is not a taxable cost in an FDCPA action. Second, Plaintiff's postage costs are not otherwise a recoverable damage. Plaintiff's Opposition dismisses DNF's argument about postage not being a recoverable cost pursuant to 28 U.S.C. § 1920 as a red herring. It is not. Instead, it speaks to the very reason why Plaintiff cannot recover damages for his postage costs in this lawsuit.

As postage is not a recoverable cost, whether it is a recoverable damage to create an injury depends on the reason the postage cost was incurred. Plaintiff's argument relies solely on one case, *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097 (W.D. Wash. 2012). *Moritz*, however, did not even analyze this issue pursuant to the FDCPA, it did so with regard to specific elements of Plaintiff's cause

of action for a violation of the Washington Consumer Protection Act. *Id.* at *1115. *Moritz* has no bearing on whether postage is recoverable in an FDCPA action.

DNF cited a case in the District of Hawaii that actually analyzed postage as a damage in the context of the FDCPA, the statute at issue in this action. Plaintiff's reading of *Sambor*, 183 F. Supp. 2d 1234 is too narrow and as a result, misplaced. The Court in *Sambor* did not condition its refusal to permit recovery of postage on causation – it did so based on that fact that postage was incurred in order to comply with 15 U.S.C. § 1692g(b). *Sambor*, 183 F. Supp. 2d at *1241. Because the postage costs were incurred to comply with the law, it was not recoverable. *Id.* Similarly, here, Plaintiff's postage cost was incurred to send dispute and verification requests to DNF and Mandarich Law, in compliance with the FDCPA. (Doc. 124-4). As a result, they are not recoverable and do not create a basis for standing.

## V.    The Classes should be decertified

In his Opposition, Plaintiff has now articulated three claimed damages: (1) being subject to a lawsuit; (2) the emotional distress that resulted from being subject to a lawsuit; and (3) postage costs. (Doc. 129).

### i.    *Plaintiff's claimed damages are not typical of the Classes and requires decertification*

As stated in Part I *supra*, Plaintiff's concession that he will not rely on emotional distress and postage costs to prove damages on a class wide basis requires decertification of the Classes.

13

As detailed in Part II *supra*, being subject to a lawsuit where there is a procedural error, such as the failure to obtain a license pursuant to a state law, is not sufficient to establish an injury in fact. As a result, it cannot serve as a basis to establish standing on a class wide basis.

The parties agree, Plaintiff's other damages, emotional distress and postage costs – are unique to him. (Doc. 129, p. 34). As a result, there is no dispute that those damages cannot form the basis for class wide standing. Without Plaintiff's flawed theory of "being subject to an unauthorized lawsuit," Plaintiff is left only with individualized and fact specific purported injuries, which require an individual mini trial for each class member to determine whether each class member suffered a concrete injury as a result of DNF's failure to obtain a collection license.

ii.   *Plaintiff's arguments in his Opposition render him an inadequate class representative*

Plaintiff admits that his claimed damages are not typical of the other members of the class. As a result, Plaintiff is unilaterally abandoning a claim for damages available to the classes, such as emotional distress and postage, to grease the wheels of class certification at the expense of being able to prevail on their claims.[1]

Representative plaintiffs who seek different relief than what is available to the other members of the class, or who unilaterally forego potential relief for other class

---

[1] The issue of adequacy is being raised for the first time in reply as a result of Plaintiff's position in Opposition.

14

members, create an insurmountable conflict between his or her own interest and the interests of the class he or she seeks to represent. *See, e.g.*, *Rader v. Teva Parenteral Medicines, Inc.*, 276 F.R.D. 524, 529 (D. Nev. 2011); *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 219 F.R.D. 661, 669 (D. Kan. 2004)

In order to proceed on a class-wide basis, Plaintiff cannot seek actual damages on behalf of the classes, despite doing so in his own personal capacity. In making that determination, Plaintiff sacrifices recovery for the other class members, for what is at best a dubious strategic purpose. In short, Plaintiff's statement in Opposition regarding which damages will be pursued individually and, on a class wide basis, make him an inadequate class representative.

## CONCLUSION

For the reasons above, as well as in DNF's Motion, Plaintiff and the members of the classes do not have standing.

Dated:        Buffalo, New York, December 8, 2021

/s/ Brendan H. Little
Brendan H. Little, Pro Hac Vice
Andrew James Lautenbach, Esq.

*Attorneys for Defendant DNF Associates, LLC*

15