JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRIAN L. BROMBERG (admitted *pro hac vice*)
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Telephone: (212) 248-7906
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiffs*
Ronald Viernes and the Certified Classes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DNF ASSOCIATES, LLC, <br><br> Defendant. | Case No:  1:19-cv-00316 KJM <br><br> **PLAINTIFFS' MOTION TO FILE UNDER SEAL OR PUBLICLY** <br><br> Trial: October 11, 2022 <br><br> Judge: Honorable Kenneth J. Mansfield |

1

## Plaintiffs' Motion to File Under Seal or Publicly

In accordance with Local Rule 5.2, Plaintiff moves to file under seal—or publicly—an unredacted version of Plaintiffs' Response to Defendant's Second Motion to Decertify the Classes ("Plaintiffs' Response"), together with the unredacted version of the Declaration of Justin A. Brackett, as well as unredacted copies of Defendant's 2019 audited financial statements, pages from the transcript of Defendant's 30(b)(6) witness, DNF's Agreement for Legal Collection Services with Mandarich Law Group, LLP, and DNF's Forward Flow Chargeoff Receivables Sale Agreement with Sterling Jewelers Inc.

## Plaintiff's Memorandum of Law in Support of Motion to File Under Seal

In support of Plaintiffs' opposition to Defendant's second motion to decertify the classes, Plaintiffs refer to sections of Defendant's 2019 financial statement. In addition, Plaintiffs refer to sections of the deposition of Defendant's corporate representative, DNF's Agreement for Legal Collection Services with Mandarich Law Group, LLP, and DNF's Forward Flow Chargeoff Receivables Sale Agreement with Sterling Jewelers Inc. These documents have been identified by Defendant as confidential and that designation has not been removed.

This Court has twice previously granted a motion to file some of this information under seal in the context of briefing over Plaintiff's successful motion for class certification (Dkt. 84), and Plaintiff's opening brief in support of his

motion to re-open discovery (Dkt. 110).

In deciding whether documents should be filed under seal, "a 'strong presumption in favor of access' is the starting point."[1] "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."[2] That is, courts must weigh a party's compelling reasons for filing under seal against "the general history of access and the public policies favoring disclosure."[3] Courts routinely hold that the need to protect sensitive financial information constitutes a compelling reason that justifies filing that information under seal.[4]

Under paragraph 7 of the "Stipulated Discovery Confidentiality Order," Dkt. 73, Plaintiff is only permitted to disclose material designated as "Confidential" to a circumscribed universe of people, including the Court.

---

[1] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See Primus Grp., Inc. v. Inst. for Envtl. Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (finding a compelling reason to seal "a company's confidential profit, cost, and pricing information that if publicly disclosed could put the company at a competitive disadvantage"); *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, No. CIV. 12-00565 ACK, 2014 WL 1234506, at *3 (D. Haw. Mar. 24, 2014) (sealing "sensitive business information that may be used by competitors to harm [party's] competitive position"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").

Moreover, under paragraph 4 of that Order, in so designating the financial document at issue, Defendant has represented to Plaintiff that the document contains "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party."

The information at issue is Defendant's non-financial assertions from Defendant's 2019 audited financial statement and from 30(b)(6) deposition testimony concerning non-financial information contained in the 2019 audited financial statements. It also includes DNF's Agreement for Legal Collection Services with Mandarich Law Group, LLP and DNF's Forward Flow Chargeoff Receivables Sale Agreement with Sterling Jewelers Inc.

While Plaintiffs believe that this information should be publicly filed here, in order to comply with the protective order, Plaintiffs have filed a version of Plaintiffs' Response that redacts the information identified as confidential.

As the documents have heretofore not been unsealed, Plaintiffs are left with no choice but to request leave to file the documents under seal—to allow these documents to be referred to in opposition to Defendant's second motion to decertify.

As per the requirements of Local Rule 5.2, attached to this motion is a proposed order which shall also be emailed to the relevant chambers email address.

Plaintiff is also submitting unredacted versions of Plaintiffs' Motion for the Court's review. Finally, Plaintiffs will serve copies of this motion, the sealed material, and proposed order on this Court.

For the foregoing reasons, Plaintiffs respectfully request the Court for permission to file the documents listed above under seal.

Dated: August 18, 2022, Honolulu, Hawaii.

/s/ *Justin A. Brackett*
Justin A. Brackett, Esq.
*Attorney for Plaintiffs*